J-S06017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL STEVENS | |
| Appellant | No. 66 EDA 2014 |

Appeal from the PCRA Order December 6, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0803221-2005

BEFORE: BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 21, 2015**

Michael Stevens appeals from the trial court's order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9564. On appeal, Stevens claims that he was entitled to an evidentiary hearing on his amended PCRA petition. After careful review, we remand to the PCRA court to determine if Stevens was eligible for PCRA relief at the time the PCRA court ruled on his petition.

On December 15, 2004, Stevens was charged with various drug offenses following controlled drug buys involving a confidential informant working with authorities. In January 2007, Stevens filed a motion to suppress claiming that the police lacked probable cause to stop and search

_____

[*] Former Justice specially assigned to the Superior Court.

him; the trial court denied the motion. Following a bench trial, Stevens was convicted of possession with intent to deliver (PWID), possession of a controlled substance, and criminal conspiracy. On January 3, 2008, Stevens was sentenced to 3-6 years of incarceration.[1] Stevens filed a timely direct appeal which was dismissed by this Court, on October 20, 2008, for failure to file an appellate brief. On December 1, 2008, Stevens filed his first *pro se* PCRA petition, seeking reinstatement of his direct appeal rights. Counsel was appointed and filed an amended brief on his behalf on June 30, 2009. On September 1, 2009, the trial court reinstated Stevens' appeal rights and, on September 30, 2009, counsel filed an appeal *nunc pro tunc*. On May 6, 2011, our Court affirmed his judgment of sentence.

On October 27, 2011, Stevens filed the instant *pro se* PCRA petition alleging that counsel was ineffective for failing to challenge the denial of his suppression motion on direct appeal. Counsel was subsequently appointed and filed a **Turner**/**Finley**[2] "no merit" letter. Stevens filed a *pro se* amended petition on November 15, 2013. On December 6, 2013, the court granted counsel's request to withdraw and dismissed Stevens' petition without a hearing. This appeal followed.

---

[1] The possession count merged with the PWID count and no further sentence was imposed on the conspiracy conviction.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

Under the PCRA, a petitioner who has finished serving his sentence is not entitled to any relief. **Commonwealth v. Pagan**, 864 A.2d 1231 (Pa. Super. 2004). Section 9543 of the PCRA states:

a) General rule. -To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is:

(i) currently serving a sentence of imprisonment, probation or parole for the crime; (ii) awaiting execution of a sentence of death for the crime; or (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543. To grant relief at a time when appellant is not currently serving such a sentence would be to ignore the language of the statute. **Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997).

Instantly, Stevens was sentenced on January 1, 2008, to a term of 3-6 years in prison. The sentencing order, attached to his first *pro se* PCRA petition, indicates that his "Controlling Maximum Date" is February 4, 2014.[3] While it is apparent that Stevens is no longer serving his sentence of imprisonment at this juncture, we do not know if at the time the PCRA court ruled on his petition (i.e., "the proof stage") he was still "currently serving a sentence of imprisonment, [or was on] probation or parole" for his crime. 42 Pa.C.S. § 9543(a)(1)(i).

---

[3] The effective date of Stevens' sentence is noted as 2/4/08 on his sentencing summary.

Accordingly, we remand this matter to the PCRA court to make the following factual findings within 30 days: (1) the date upon which Stevens completed serving his 3-6 year sentence for PWID; and (2) whether, at the time the PCRA court rendered its decision, Stevens was still currently serving a term of imprisonment, probation or parole, and, therefore, eligible for relief under the PCRA.

Case remanded. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/2015