J-S66024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALLAN DALE BUYNA, | : | |
| | : | |
| Appellant | : | No. 257 WDA 2017 |

Appeal from the PCRA Order January 9, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0004086-1978

BEFORE: BENDER, P.J.E., DUBOW, J., and PLATT*, J.

JUDGMENT ORDER BY DUBOW, J.:               **FILED DECEMBER 04, 2017**

Appellant, Allan Dale Buyna, appeals from the Order entered in the Allegheny County Court of Common Pleas dismissing his seventh Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. After careful review, we affirm.

On December 13, 1978, a jury convicted Appellant of First-Degree Murder and, on March 5, 1980, the trial court sentenced Appellant to serve a term of life in prison. On April 2, 1982, our Supreme Court affirmed Appellant's Judgment of Sentence. Appellant did not file a Petition for Writ of *Certiorari* with the U.S. Supreme Court. His Judgment of Sentence, thus, became final ninety days later on July 1, 1982. **See** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. Pursuant to 42 Pa.C.S. § 9545(b)(1) and (3), Appellant had one year within which to file a PCRA Petition, *i.e.*, no later than July 1, 1983.

_____
* Retired Senior Judge assigned to the Superior Court.

From 1983 through 2013, Appellant filed six unsuccessful PCRA Petitions. On November 2, 2016, Appellant filed the instant PCRA Petition, his seventh, *pro se*.[1] The PCRA court appointed counsel, who subsequently filed a no-merit letter and a Motion to Withdraw as Counsel, which the PCRA court granted on November 22, 2016. On December 27, 2016, the PCRA court issued a Pa.R.Crim.P. 907 Notice of Intent to Dismiss. On January 10, 2017, the PCRA court dismissed the PCRA Petition as untimely. Appellant timely appealed.

A court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010). As detailed above, pursuant to the plain language of the PCRA, Appellant had until July 1, 1983, to file his PCRA Petition. His filing on November 2, 2016, was, therefore, untimely by more than 33 years.

Pennsylvania courts may consider an untimely PCRA petition if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1). Any petition invoking a timeliness exception must be filed within 60 days of the date the claim could have been presented. 42

---

[1] The PCRA court properly treated Appellant's latest filing, titled "Sur Jurisdictional Statement in Equity and Motion for Correction and Modification of Unconstitutional Sentence," that challenged, *inter alia*, the legality of his sentence, as a serial PCRA Petition. ***See Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa. Super. 2004) (explaining "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is *exclusive to* the PCRA.").

Pa.C.S. § 9545(b)(2). Although a legality of sentence claim cannot be waived, it must be raised in a timely PCRA Petition. ***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007); 42 Pa.C.S. § 9545(b); ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999).

Here, Appellant has not attempted to plead or prove that his Petition falls within the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1).[2] Therefore, Appellant has not met his burden under the PCRA.

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/2017

---

[2] Instead, Appellant repeatedly asserts that his conviction of and sentence for First-Degree Murder was not supported by statute and his challenge to the "validity and legality of the sentence imposed is [] non-waivable[.]" Appellant's Brief at vii.