J-S68018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RAHEIM ALPHONSO WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 216 MDA 2017 |

Appeal from the Order Entered January 10, 2017
In the Court of Common Pleas of York County
Criminal Division at No.: CP-67-CR-0007199-2011

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.*

JUDGMENT ORDER BY DUBOW, J.:          **FILED FEBRUARY 12, 2018**

Appellant, Raheim Alphonso Williams, appeals from the Order entered in the York County Court of Common Pleas dismissing his third Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and this Court, thus, lacks jurisdiction to review the Petition.

On November 8, 2012, a jury convicted Appellant of Burglary, Unlawful Restraint, Criminal Conspiracy, and Robbery.[1] On December 19, 2012, the trial court sentenced Appellant to an aggregate term of 16 to 38 years'

_____

[1] 18 Pa.C.S. § 3502; 18 Pa.C.S. § 2902; 18 Pa.C.S. § 903; and 18 Pa.C.S. § 3701, respectively.

_____

* Retired Senior Judge assigned to the Superior Court.

incarceration. During the sentencing hearing, the trial court informed Appellant of his appellate rights. N.T. Sentencing, 12/19/12, at 7.

Appellant did not file a direct appeal. Appellant's Judgment of Sentence, therefore, became final on January 18, 2013. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Pursuant to 42 Pa.C.S. § 9545(b)(1) and (3), Appellant had one year within which to file a PCRA Petition, *i.e.*, no later than January 21, 2014.[2]

Appellant filed his first PCRA Petition on September 8, 2014, alleging ineffective assistance of counsel. The PCRA court appointed counsel, and eventually dismissed Appellant's PCRA Petition as untimely on February 3, 2015. Appellant did not file an appeal from the denial of his first PCRA Petition.

Appellant filed his second PCRA Petition *pro se* on October 25, 2016.[3] Following an evidentiary hearing, the PCRA court dismissed Appellant's second PCRA Petition as untimely on October 27, 2016. Appellant filed a

---

[2] January 18, 2014, was a Saturday, and Monday, January 20, 2014, was a holiday. **See** 1 Pa.C.S. § 1908 ("Computation of time").

[3] The PCRA court properly treated Appellant's filing, titled "PCRA Request for Reinstatement of Post Sentence and Direct Appeal Rights, *Nunc Pro Tunc*" and alleging counsel's ineffectiveness for failing to file a direct appeal, as a serial PCRA Petition. **See Commonwealth v. Pagan**, 864 A.2d 1231, 1233 (Pa. Super. 2004) (explaining "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is *exclusive to* the PCRA.").

timely Notice of Appeal, but later discontinued his appeal on December 12, 2016.

On January 5, 2017, Appellant filed the instant PCRA Petition, his third, *pro se*.[4]  On January 9, 2017, the PCRA court dismissed Appellant's third PCRA Petition as untimely.[5]  Appellant timely appealed.

A court may not address the merits of the issues raised if the PCRA petition was not timely filed.  **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).  As detailed above, pursuant to the plain language of the PCRA, Appellant had until January 21, 2014, to file his PCRA Petition.  His filing on January 5, 2017, was, therefore, untimely by more than two years.

Pennsylvania courts may consider an untimely PCRA petition if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1).  Any petition invoking a timeliness exception must be

_____

[4] The PCRA court properly treated Appellant's January 5, 2017 filing, titled "Motion for Reinstatement of Appellate Rights, *Nunc Pro Tunc*," that rehashed the same claims of ineffective assistance of counsel based on the failure to file a direct appeal, as a serial PCRA Petition.  **Pagan**, 864 A.2d at 1233.

[5] We note that the PCRA court did not hold a hearing and did not issue notice pursuant to Pa.R.Crim.P. 907 before denying relief because it was clear that Appellant's PCRA Petition was untimely.  Appellant waived such a procedural claim because he has not raised this issue on appeal.  **See Commonwealth v. Zeigler**, 148 A.3d 849, 851 n.2 (Pa. Super. 2013) (finding that appellant's failure to raise on appeal PCRA court's failure to provide Rule 907 notice results in waiver of claim).  "Moreover, failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely."  **Id.**

filed within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Here, Appellant has not attempted to plead or prove that his Petition falls within the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1). Therefore, Appellant has not met his burden under the PCRA.

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. We, thus, affirm the denial of PCRA relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/12/2018