J-S14004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| REMIC GUYAH | : | |
| | : | |
| Appellant | : | No. 2523 EDA 2017 |
| | : | |

Appeal from the PCRA Order July 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0200121-2006

BEFORE:   OTT, J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY OTT, J.:                                        **FILED MAY 10, 2018**

Remic Guyah appeals, *pro se*, from the order entered July 20, 2017, in the Philadelphia Court of Common Pleas, denying his petition for writ of *habeas corpus*, which the PCRA court construed to be an untimely, serial PCRA petition.[1]  Guyah seeks relief from the judgment of sentence of an aggregate term of 13 to 26 years' imprisonment, imposed on July 8, 2009, immediately following his jury conviction, in *absentia*, of robbery, conspiracy, possessing an instrument of crime, and two violations of the Uniform Firearms Act.[2]  On appeal, he argues:  (1) the PCRA court erred in construing his petition to be

_____

* Retired Senior Judge assigned to the Superior Court.

[1] *See* Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

[2] *See* 18 Pa.C.S. §§ 3701(a)(1)(i), 903, 907, 6106, and 6108, respectively.

a PCRA petition, and analyzing his claim under the PCRA, rather than pursuant to *habeas corpus* law, and (2) the jury selection in his case, conducted in his absence when he was given no notice to appear, was "so erron[e]ously unconstitutional and arbitrary," that his conviction is "unreliable" and his continued detention is "illegal." Guyah's Brief at 2.[3] For the reasons below, we affirm.

The relevant facts and procedural history underlying this appeal are as follows. On July 8, 2009, a jury convicted Guyah, in *absentia*, of the aforementioned charges. The trial court sentenced him that same day to an aggregate term of 13 to 26 years' incarceration. Guyah's counsel filed a timely post-sentence motion challenging the discretionary aspects of sentencing, which the trial court denied. No direct appeal was filed. Sometime thereafter, Guyah was apprehended and incarcerated.

On May 20, 2013, Guyah filed a *pro se* PCRA petition, followed by several amended and supplemental *pro se* filings. Counsel was appointed, and on July 28, 2014, filed a petition to withdraw and **Turner**/**Finley**[4] "no merit" letter, concluding the petition was untimely filed and none of the time for filing exceptions applied. After providing Guyah with notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907, and considering Guyah's *pro se*

---

[3] We have consolidated Guyah's first two claims for ease of disposition.

[4] *See **Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

response, the PCRA court dismissed the petition and granted counsel's motion to withdraw by order entered December 12, 2014.

Over the next several years, Guyah filed four additional PCRA petitions, and numerous other *pro se* motions seeking to modify or vacate his judgment of sentence. The PCRA court denied all of his requests for relief. The only ruling Guyah appealed was the PCRA court's denial of a petition filed on January 15, 2016, which Guyah styled as a "Motion for New Trial." The PCRA court construed the motion to be a PCRA petition, and determined it was untimely filed. A panel of this Court affirmed on appeal. **See Commonwealth v. Guyah**, 158 A.3d 190 [641 EDA 2016] (Pa. Super. 2016) (unpublished memorandum).

While that appeal was pending, Guyah attempted to file two more PCRA petitions, both of which the PCRA court dismissed because it lacked jurisdiction. **See** Orders, 5/23/2016 and 9/23/2016. **See also Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) ("when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review").

On May 2, 2017, Guyah filed the present petition, which he styled as a petition for writ of *habeas corpus*, and asserted he was denied substantive due process because his jury selection and sentencing were conducted in his absence "without any formal notice." Applicate (sic) for Writ of Habeas

- 3 -

Corpus, 5/2/2017, at 4. On June 27, 2017, the PCRA court issued Guyah

notice that: (1) it considered his filing to be a PCRA petition, (2) the petition

was untimely filed and failed to invoke any of the time-for-filing exceptions,

and (3) the court intended to dismiss the petition pursuant to Pa.R.Crim.P.

907. **See** Order, 6/27/2017. On July 20, 2017, the PCRA court dismissed

Guyah's petition, and this timely appeal followed.[5]

In his first issue, Guyah contends the PCRA court erred in treating his

filing as a PCRA petition, thereby subject to the Act's timing requirements.

Our review of an order denying PCRA relief is "limited to a determination of

whether the record supports the PCRA court's factual findings and whether its

legal conclusion are free from error." **Commonwealth v. Williams**, 141 A.3d

440, 452 (Pa. 2016).

The PCRA clearly states it is "the sole means of obtaining collateral relief

and encompasses all other common law and statutory remedies …, including

habeas corpus and coram nobis." 42 Pa.C.S. § 9542. Therefore, this Court

has consistently found "if the underlying substantive claim is one that could

potentially be remedied under the PCRA, that claim is **exclusive to** the PCRA."

---

[5] The PCRA court did not direct Guyah to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court did, however, file a Rule 1925(a) opinion on August 9, 2017, in which it relied upon the reasons set forth in its June 27, 2017, Order.

*Commonwealth v. Pagan*, 864 A.2d 1231, 1233 (Pa. Super. 2004), *cert. denied*, 546 U.S. 909 (2005) (emphasis in original).

Relying on *Commonwealth v. West*, 938 A.2d 1034 (Pa. 2007),[6] Guyah contends his claim that the trial court violated his substantive due process rights when it proceeded to jury selection in his absence "is not a claim that is cognizable under the PCRA," but rather, "sounds in habeas corpus." Guyah's Brief at 10. He insists he is not challenging "the truth-determining process underlying the 2006 conviction." *Id.* at 9. Instead, Guyah argues:

> [His] detention/confinement after an illegal jury selection[/]"*De Facto*" verdict in defendant['s] absence, "Shocks the Conscience" thereby violating his substantive due process rights, especially because as [he] claims, he was not at fault where the government denied notice to participate in the selection of jurors.

*Id.* at 10 (capitalization in original).

Section 9543 of the PCRA lists the seven specific claims cognizable under the Act. *See* 42 Pa.C.S. § 9543(a)(2). Included in these bases for relief is the following:

---

[6] We note Guyah actually cites to this Court's earlier decision in *Commonwealth v. West*, 868 A.2d 1267 (Pa. Super. 2005), for the proposition that a defendant's claim of a violation of substantive due process is not cognizable under the PCRA. In that decision, a panel of this Court ultimately determined the defendant's due process rights were violated, and he was entitled to relief. The Supreme Court, however, reversed this Court's ruling on appeal with respect to whether the defendant's due process rights were violated. Nonetheless, the Court agreed the claim raised by the defendant fell outside the ambit of the PCRA and could be addressed in a petition for writ of *habeas corpus*. *See West*, *supra*, 938 A.2d at 1044-1045. Therefore, we will refer to the Supreme Court's decision in our memorandum.

A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

42 Pa.C.S. § 9543(a)(2)(i). Therefore, contrary to Guyah's assertion, an allegation that a defendant's substantive due process rights were violated is cognizable under the Act if the defendant alleges the violation "undermined the truth-determining process." *Id.*

In *West*, *supra*, after the defendant was convicted and sentenced to a prison term, he was granted release on bail pending appeal. *See West*, *supra*, 938 A.2d at 1036-1037. Although this Court affirmed his judgment of sentence in June of 1992, the defendant was not recalled to serve his term of imprisonment, and remained at liberty for nine years. Eventually, an arrest warrant was issued, and he was taken into custody after he was stopped for a routine traffic violation. *See id.* at 1037. The defendant subsequently filed a petition for writ of *habeas corpus*, asserting, *inter alia*, "a violation of his substantive due process rights because of the government's delay in confining him." *Id.* The Supreme Court concluded his claim fell "outside the ambit of the potential claims cognizable under the PCRA." *Id.* at 1044. The Court opined:

West's claim does not implicate the truth determining process underlying his conviction and sentence, nor does it implicate the legality of the sentence imposed. Rather, **West asserts that incarcerating him on such a sentence after the significant delay between the time of sentencing and the time he was recalled is fundamentally unfair and therefore**

> **constitutionally infirm.** Thus, [] we conclude that West could
> not pursue this claim through the PCRA[.]

*Id.* at 1044-1045 (emphasis supplied).

Guyah's attempt to compare the issue raised in this case to the claim in

*West* fails. Although Guyah states he is not challenging the "truth-

determining process"[7] that is simply untrue. Even a cursory review of his

issue on appeal reveals his allegation that the "unconstitutional and arbitrary"

jury selection in his case rendered his conviction "unreliable." Guyah's Brief

at 11. We note that Guyah also asserts his detention is illegal. *See id.*

However, he seeks relief based upon the court's proceeding with jury selection

in his absence. That claim is distinguishable from the issue raised in *West*,

which focused on the "fundamentally unfair" nine-year period between the

time the defendant was sentenced and the time he was recalled. *West*,

*supra*, 938 A.2d at 1045. That delay, which occurred **after** trial and

sentencing, did not in any way implicate the truth-determining process.

Here, however, Guyah has raised this same issue in a prior PCRA

petition. Indeed, in the prior appeal to this Court, the panel listed Guyah's

first issue as follows:

> Where no adequate notice was given to [Guyah] to ensure that
> [Guyah] [participated] in *voir dire* [ ], did the trial court [violate]
> [Guyah's] constitutional right to a jury of [his] peers, to obtain the
> conviction of [Guyah] by selection of 14 jurors in his absence, is
> the jury selection in this case invalid, void due to the violation of
> due process, equal protection clause, [and] guaranteed trial by

---

[7] *See* Guyah's Brief at 8.

jury rights secured by U.S. [C]onst. amend. 4, 5, 6, [and] 14[,] as well as Pa. [C]onst. art. 1 [,] subsections 6, 9, 25, and 28?

*Guyah*, *supra*, 158 A.3d 190 (unpublished memorandum at *1). The panel ultimately determined Guyah's petition was untimely filed, and he failed to plead and/or prove any of the timing exceptions listed in 42 Pa.C.S. § 9545(b)(1). *See id.* (unpublished memorandum at *2). Guyah may not now obtain relief by raising the same claim under the rubric of *habeas corpus* law. Accordingly, we conclude the PCRA court did not err in treating his petition for writ of *habeas corpus* as a PCRA petition.

Furthermore, we also find the PCRA court properly determined Guyah's petition was untimely filed under Section 9545(b). This Court's ruling in Guyah's earlier appeal is instructive:

> Initially, under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).
>
> Because Guyah did not seek direct review of his judgment of sentence, his sentence became final in August 2009, when the period of time to seek review expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Guyah did not file the instant PCRA Petition until January 2016. Therefore, his Petition is facially untimely.
>
> However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60

days of the date the claim could have been presented." ***Id.*** §
9545(b)(2); ***Albrecht***, 994 A.2d at 1094 (Pa. 2010).

> Here, Guyah did not plead or prove any exception and,
> instead, raises four separate claims, each of which concerns his
> absence during *voir dire*. ***See*** Brief for Appellant at 8-20. Because
> Guyah did not successfully invoke any of the three exceptions
> necessary to circumvent the PCRA's timeliness requirement, we
> lack jurisdiction to address the merits of his claim on appeal.

***Id.*** (footnotes and some citations omitted).

Guyah's present petition, filed on May 2, 2017, is manifestly untimely as well. Moreover, Guyah failed to invoke any of the time-for-filing exceptions listed in Section 9545(b)(1). Therefore, we agree with the PCRA court's conclusion that it lacked jurisdiction to consider Guyah's claim because the petition was untimely filed. Accordingly, we need not address his second issue on appeal, which focuses on the merits of his underlying due process claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/18