**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Humberto PAGAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 2005.

Filed Dec. 22, 2004.

---

Humberto Pagan, Appellant, Pro Se.

Hugh J. Burns, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before: LALLY–GREEN, OLSZEWSKI, and TAMILIA, JJ.

OPINION BY OLSZEWSKI, J.:

¶ 1 Appellant Humberto Pagan sought to collaterally attack a trio of very old convictions, asserting his incompetence to either enter a guilty plea or to stand trial.

---

He petitioned the court of common pleas for a writ of *coram nobis*, and the court appointed counsel. For a variety of reasons, however, counsel could not find an arguably meritorious issue to raise; as a result, counsel petitioned the trial court to withdraw. The trial judge held that the petition fell under our Post Conviction Relief Act and, since appellant is not serving any "sentence of imprisonment, probation, or parole as a result of a conviction under the laws of this Commonwealth," allowed counsel to withdraw and dismissed the PCRA petition.

¶ 2 Appellant has now appealed, vociferously arguing against the recharacterization of his petition. According to appellant, now that the PCRA can offer him no relief, the writ of *coram nobis* is the correct (and only) vehicle for the remedy he seeks. The settled law in Pennsylvania, however, holds against appellant. The trial judge was correct to dismiss the petition under the PCRA.

¶ 3 The trial judge has written a very good synopsis of appellant's ancient convictions as well as the current procedural posture. In the judge's words:

> In the matter of case No. 544, November Term, 1985, Petitioner appeared before the Honorable Kenneth S. Harris on May 19, 1986, and pled nolo contendere to possession with intent to deliver a controlled substance and was sentenced to one year probation. On December 2, 1988, Petitioner appeared before the Honorable Eugene H. Clarke, Jr., and was found in violation of probation and sentenced to a term of 11½ to 23 months incarceration.
>
> In the matter of case No. 4178, May Term, 1988, Petitioner appeared before the Honorable Legrome D. Davis on September 22, 1988, and pled guilty to robbery. On November 22, 1988, Judge Davis sentenced Petitioner to five years probation and restitution. Petitioner was found in violation of probation, and on July 3, 1990, Judge Davis continued Petitioner's probation with additional conditions.
>
> In the matter of case No. 1469, May Term, 1988, Petitioner appeared before Judge Davis on November 22, 1988 and pled nolo cotendere to possession with intention to deliver a controlled substance and was sentenced to 11½ to 23 months incarceration followed by 2 years probation.
>
> Petitioner did not appeal but filed a Writ of Coram Nobis in [the court of common pleas] on August 6, 2003. Peter A. Levin, Esquire, was subsequently appointed Petitioner's counsel. On January 8, 2004, Mr. Levin filed a no-merit letter stating that the issues raised in Petitioner's motion were without arguable merit and that there were no additional issues to be raised in a counseled amended petition under the Post Conviction Relief Act, 42 Pa.C.S. § 9541 et seq. Consequently, on March 9, 2004, [the trial court] dismissed Petitioner's motion and permitted Mr. Levin to withdraw as counsel in the case.

Trial Court Opinion, 6/18/04, at 1–2.

¶ 4 Appellant has now brought this *pro se* appeal to us; as stated above, he argues the trial judge erred by analyzing and then dismissing his petition under the PCRA. Ultimately, appellant seeks to have the above convictions overturned, asserting that, at the time, he "was not competent to stand trial or make a voluntary, knowing and intelligent plea." Petition for "Writ of Coram Nobis to Overturn/Expunge State Convictions Obtained in Violation of Due Process of Law," at 6.

¶ 5 At the outset, the trial judge was correct to view appellant's petition under the PCRA. The current version of Pennsylvania's Post Conviction Relief Act explicitly states that it "shall be the sole means of obtaining collateral relief" and

that its provisions "encompass[ ] all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis." 42 Pa.C.S. § 9542. Under the plain words of the statute, if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is *exclusive to* the PCRA. *Commonwealth v. Eller,* 569 Pa. 622, 807 A.2d 838, 845 (2002). It is only where the PCRA does not encompass a claim that other collateral procedures are available. *Commonwealth v. Chester,* 557 Pa. 358, 733 A.2d 1242 (1999).

¶ 6 Appellant declares that since the PCRA will not provide him with relief, he may obtain relief via *coram nobis*. This is incorrect. His underlying substantive claim concerns his competency to either enter a plea or stand trial for his past offenses. The claim, therefore, goes to the very legality of his convictions and is clearly encompassed by the PCRA. *Commonwealth v. Santiago,* 855 A.2d 682 (Pa.2004). And, as we explained above, since the underlying claim is encompassed by the PCRA, appellant may *only* obtain relief under the PCRA.

¶ 7 In other words, *coram nobis* relief does not become available merely because the PCRA refuses to remedy a petitioner's grievance; rather, we look at the *claims* a petitioner is raising. Here, "[b]ecause Appellant's claim[ ] could have been brought under the PCRA, [the] claim[ ] had to be brought under the PCRA." *Commonwealth v. Rivera,* 802 A.2d 629, 633 (Pa.Super.2002).

¶ 8 Further, our Supreme Court has made it clear that any collateral consequences flowing from a conviction will not provide the petitioner with an avenue for review outside of the PCRA. *Commonwealth v. Ahlborn,* 548 Pa. 544, 699 A.2d 718, 721 (1997). One of the "collateral consequences" of a conviction (and the consequence that is at the heart of appellant's desperate argument) is that, if the person is convicted of a subsequent crime, he will be subject to recidivist enhancements and therefore be sentenced more harshly. While the PCRA's forerunner, the Post Conviction Hearing Act, allowed for review of such claims under *coram nobis,* the PCRA explicitly encompasses these "collateral consequence" claims. Again, the plain words of 42 Pa.C.S. § 9542 require this result. As the *Ahlborn* Court explained: "the PCRA contains express language which prevents a petition filed under the PCRA from being treated as a request for relief under the common law. The PCRA specifies that it is the sole means for obtaining collateral relief and that it supersedes common law remedies." *Ahlborn,* 699 A.2d at 721.

¶ 9 The trial court was thus correct to view appellant's petition for collateral relief under the PCRA.

¶ 10 As appellant's claim falls under the PCRA, he can only find relief under the PCRA's strictures. There is, however, simply no way he can satisfy the stiff requirements of the PCRA. This is true apart from: whether the one-year jurisdictional time bar applies (it does; the latest of appellant's convictions currently on appeal dates back to 1988); whether appellant could plead an exception to the time bar (he can't; he received a mental health screening in 1999 which found him competent to stand trial in federal court and his PCRA petition was not filed until 2003);[1]

---

1. *Commonwealth v. Cruz* declares that "a petitioner's alleged mental incompetence during which the statutory period for filing a PCRA petition expired may trigger the 'after-discovered evidence' exception to the PCRA time-

bar." 578 Pa. 325, 852 A.2d 287, 288 (2004). Yet, as the Supreme Court made clear, the petition must be filed "within 60 days of his becoming sufficiently competent to ascertain the facts upon which his underlying claims

or, whether his underlying issue is meritless (it is, as the results of the 1999 screening demonstrate).

¶ 11 What trumps everything above is the fact that, as appellant himself admits, he "is not currently serving a Pennsylvania State sentence, nor is he currently on any kind of probation or parole resulting from a Pennsylvania State Conviction." Appellant's Brief, at 5. As the trial judge explained: "[t]he ... Post Conviction Relief Act does not provide for relief from collateral consequences of a criminal conviction. 42 Pa.C.S. § 9542. Consequently, a petitioner who has finished serving his sentence is not entitled to any relief under the Act." Trial Court Opinion, 6/18/04, at 3.

¶ 12 The trial judge's words are clearly the law in Pennsylvania. 42 Pa.C.S. § 9543 states:

(a) General rule.—To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence all of the following: (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

(ii) awaiting execution of a sentence of death for the crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543.

¶ 13 As the *Ahlborn* Court explained:

the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the stat-

ute. To be eligible for relief a petitioner must be currently serving a sentence of imprisonment, probation or parole. To grant relief at a time when appellant is not currently serving such a sentence would be to ignore the language of the statute.

*Ahlborn,* 699 A.2d at 720.

¶ 14 Here, appellant has finished serving his Pennsylvania sentences. He is therefore ineligible for relief under the PCRA and the dismissal of his petition was proper.[2]

¶ 15 Order AFFIRMED.

are predicated." *Id.* In our case, appellant was found competent in 1999; his PCRA petition was not filed until four years later.

2. Appellant also claims a violation of his due process, asserting that the trial judge did not "properly consider[ ][his] response to the Fin-

ley letters filed by [his] court appointed counsel." Appellant's Brief, at 8. While appellant did file a "response" to the 20–day notice of dismissal, this response *did not show any reason why the petition should have been saved.* Rather, it just rehashed the above mentioned *coram nobis* argument.