J-S57042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN MEREDITH CORLISS | |
| Appellant | No. 709 EDA 2014 |

Appeal from the Order Entered January 30, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-45-CR-0000743-1997

BEFORE:  DONOHUE, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 04, 2014**

Appellant, Justin Meredith Corliss, appeals *pro se* from the January 30, 2014 order denying his petition for a writ of *coram nobis*.  We affirm.

On August 20, 1998, after a jury found Appellant guilty of statutory sexual assault, aggravated indecent assault, indecent assault, and corruption of minors, the trial court imposed a sentence of four to ten years of incarceration.  This Court affirmed the judgment of sentence on direct appeal, and Appellant's subsequent PCRA petitions were unsuccessful. Appellant was released from prison in 2008, having completed the full term of his sentence.

Based on his 1998 conviction, Appellant is obligated to register as a sexual offender.  In 2013, Appellant was charged with failing to comply with that obligation.  Through this *coram nobis* petition, filed on August 7, 2013,

Appellant hopes to negate the 1998 conviction and, along with it, the obligation to register as a sexual offender. The trial court denied Appellant's petition on January 30, 2014. Appellant filed a timely notice of appeal on February 27, 2014. His appellate brief presents three questions:

1. When appellant is no longer subject to a sentence is *coram nobis* available to litigate errors which resulted in miscarriage of justice and collateral consequences that exact civil disabilities?

2. Are the facts of record regarding absence of an alibi instruction for the time frame convicted of, when appellant was actually at Burger King, sufficient reason to grant the relief of a new trial on *coram nobis* review?

3. When the lower court intentionally misrepresents or ignores facts of record regarding the alibi evidence, is that not only an abuse of discretion but justification for recusal?

Appellant's Brief at 8.

The trial court treated Appellant's *coram nobis* petition as an untimely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. The trial therefore dismissed Appellant's petition for lack of jurisdiction, because the petition does not comply with the PCRA's jurisdictional time limits and because Appellant no longer is serving his sentence. We agree with the trial court's disposition.

The PCRA subsumes common law remedies where the relief sought is available under the PCRA: "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, **including *habeas corpus* and *coram nobis***."

42 Pa.C.S.A. § 9542 (emphasis added). If relief is available under the PCRA, the PCRA is the exclusive means of obtaining the relief sought. **Commonwealth v. Eller**, 807 A.2d 838, 842 (Pa. 2002); **Commonwealth v. Pagan**, 864 A.2d 1231, (Pa. Super. 2004), *cert. denied*, 546 U.S. 909 (2005). In **Pagan** we explained: "*coram nobis* relief does not become available merely because the PCRA refuses to remedy a petitioner's grievance; rather, we look at the claims a petitioner is raising." **Pagan**, 864 A.2d at 1233. "Here, [b]ecause Appellant's claim[] could have been brought under the PCRA, [the] claim[] had to be brought under the PCRA." **Id.** (internal quotation marks omitted).[1]

In his brief, Appellant argues counsel was ineffective in presenting Appellant's alibi defense and obtaining an appropriate jury instruction. Ineffective assistance of counsel is cognizable under the PCRA. 42. Pa.C.S.A. § 9543(a)(2)(ii). As such, the PCRA was Appellant's sole means of

_____

[1] An *en banc* panel of this Court recently concluded that *coram nobis* relief was available to a petitioner who was denied re-entry to the United States based on his guilty plea to fraud. **Commonwealth v. Descardes**, ___ A.3d ___, 2014 Pa. Super. 210 (Pa. Super. September 23, 2014) (*en banc*). The petitioner in **Descardes** alleged counsel was ineffective for failing to advise him his plea would affect his immigration status. **Id.** at *3. In **Padilla v. Kentucky**, 559 U.S. 356, 370-71 (2010), the Unites States Supreme Court held that counsel have an obligation to inform clients that a guilty plea will result in deportation. In **Descardes**, this Court concluded the *coram nobis* petition presented "one of the rare instances where the PCRA fails to provide remedy for the claim." **Descardes**, 2014 Pa. Super. 210, at *8. **Descardes** does not command a different result in this appeal, as Appellant's petition presents claims that are cognizable under the PCRA.

obtaining relief, and he cannot now seek to avoid the untimeliness of raising these issues by filing a *coram nobis* petition.

Section 9545(b)(1) of the PCRA requires a petitioner to file a petition within one year of the date on which the judgment of sentence becomes final. The PCRA's timeliness provision is jurisdiction. ***Commonwealth v. Ali***, 86 A.3d 173, 177 (Pa. 2014). Likewise, a petitioner is ineligible after his or her sentence of imprisonment, probation, or parole concludes. 42 Pa.C.S.A. § 9543(a)(1)(i).

Appellant concedes he is ineligible for relief under the PCRA. Since the PCRA is Appellant's sole means of obtaining the relief requested, we affirm the order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/4/2014