J-S71029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DONALD STALTER | |
| Appellant | No. 869 MDA 2014 |

Appeal from the Order April 29, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001607-2007

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY PANELLA, J.          **FILED FEBRUARY 10, 2015**

Appellant, Donald Stalter, appeals *pro se* from the order entered April 29, 2014, which denied his "application for writ of error *coram nobis*."  As the Commonwealth and the court below acknowledge, Stalter's application should have been treated as a first petition filed pursuant to the Post Conviction Relief Act (PCRA),[1] and as such, he was entitled to have counsel appointed.  We vacate and remand.

On November 6, 2007, Stalter entered a guilty plea pursuant to a negotiated plea agreement to three counts of involuntary deviate sexual intercourse, twenty counts of sexual abuse of children, four counts of indecent assault, three counts of corruption of minors, and three counts of

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541 *et seq*.

unlawful contact with a minor. The trial court sentenced Stalter to an aggregate term of incarceration of 20 to 40 years. This Court affirmed Stalter's judgment of sentence by memorandum filed January 30, 2009. On February 3, 2010, the Supreme Court of Pennsylvania denied review of Stalter's judgment of sentence.

On April 24, 2014, Stalter filed the instant application for relief. On April 29, 2014, the court below entered an order dismissing Stalter's petition. This timely appeal followed.

Preliminarily, we note that the court below as well as the Commonwealth concedes that the application for relief should have been treated as a first PCRA petition. **See Commonwealth v. Pagan**, 864 A.2d 1231 (Pa. Super. 2004) (PCRA subsumes writ for *coram nobis* so long as the claim for relief could be heard under the PCRA's jurisdiction). Furthermore, as all parties on appeal acknowledge, an indigent first time petitioner is entitled to appointment of counsel even where the petition is patently untimely. **See Commonwealth v. Smith**, 818 A.2d 494 (Pa. 2003). The petitioner's failure to request appointment of counsel does not negate this right. **See Commonwealth v. Guthrie**, 749 A.2d 504 (Pa. Super. 2000). Therefore, we agree with the Commonwealth and the court below that the order should be vacated and a remand for appointment of counsel is appropriate.

Order vacated. Case remanded for the appointment of counsel and further proceedings consistent with this judgment order. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015