J-S51021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PATRICK S. BRODERICK | |
| Appellant | No. 997 EDA 2015 |

Appeal from the Order March 31, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003888-2007

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED NOVEMBER 16, 2015**

Patrick S. Broderick appeals from the order, entered in the Court of Common Pleas of Delaware County, which dismissed his *pro se* petition for writ of habeas corpus *ad subjiciendum*.  After our review, we affirm.

Broderick was convicted of involuntary deviate sexual intercourse (IDSI),[1] burglary,[2] and conspiracy[3] to commit these offenses following a bench trial in March 2008.  The basis for the charges involved Broderick and his friend, Bradley Repkoe, entering the victim's house, attacking him while

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3123(a)(1).

[2] 18 Pa.C.S. § 3502(a).

[3] 18 Pa.C.S. § 903.

he slept, and ramming a toilet plunger into his rectum. The victim identified Broderick and Repkoe as his assailants. On August 25, 2008, the trial court sentenced Broderick to six to twelve years' for IDSI, a concurrent sentence of four to eight years' incarceration for conspiracy, and a consecutive five years' probation for burglary.

Following sentencing, Broderick filed a timely direct appeal in which he challenged the sufficiency of the evidence as to his IDSI and conspiracy to commit IDSI convictions. This Court affirmed Broderick's judgment of sentence on July 9, 2009. **See Commonwealth v. Broderick**, 981 A.2d 912 (Pa. Super. 2009) (unpublished memorandum). Broderick also filed a timely petition pursuant to the Post Conviction Relief Act (PCRA).[4] After court-appointed counsel was permitted to withdraw and the PCRA court dismissed the petition, Broderick filed a timely *pro se* appeal. This Court affirmed the dismissal of the petition and our Supreme Court denied Broderick's petition for allowance of appeal on October 5, 2012.

Broderick filed the instant "Petition for Writ of Habeas Corpus *Ad Subjiciendum*" on March 27, 2015, asserting that he was improperly sentenced to a longer period of incarceration than his co-conspirator. The trial court denied the petition on March 31, 2015. This timely appeal followed.

---

[4] 42 Pa.C.S. §§ 9541-9546.

On appeal, Broderick raises the following issues:

1. Does not the disproportion[ate] sentence compared to that of his co-defendant['s] sentence for the same act violate[] Article I, Section 1, 9, 13 and 14 of both the Pennsylvania and United States Constitution?

2. Does not the creation of two classes of defendant offenders violate[] the Pennsylvania Constitution?

3. Does not the sentencing disproportionality violate[] both the United States and Pennsylvania Constitution[s]?

Brief of Appellant, at 1.

We begin by noting that the trial court did not treat Broderick's habeas corpus petition as a PCRA petition.[5] However, the PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S. § 9542. Here, each of the "issues" Broderick raises is an iteration of the same issue: whether Broderick's sentence is illegal since it was not identical to the sentence imposed on his co-conspirator. Thus, since Broderick's claim implicates the legality of his sentence, it is cognizable under the PCRA. Moreover, under the plain terms of the PCRA, "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive to** the PCRA." **Commonwealth v. Pagan**, 864 A.2d 1231, 1233

---

[5] The court noted that "these issues should have been raised prior to this point" but provided an analysis of the merits of Broderick's habeas corpus petition.

(Pa. Super. 2004) (emphasis in original). Therefore, we consider Broderick's habeas corpus petition as if it were a PCRA petition.

Before we may consider the merits of Broderick's petition, we must first have jurisdiction to do so.

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review by [the Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted). Although the legality of a sentence may always be raised under the PCRA, such "claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999).

Broderick was sentenced on August 25, 2008, and this Court affirmed Broderick's judgment of sentence on July 9, 2009. Broderick did not file a petition for allowance of appeal. Accordingly, Broderick's sentence became final on August 8, 2009, upon the expiration of the thirty-day period for seeking review in our Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Broderick had one year from that date to file a PCRA

petition, specifically, until August 8, 2010. However, Broderick filed the instant petition on March 27, 2015, such that the petition is untimely on its face. Thus, we may consider Broderick's petition only if he pled and proved one of the statutory exceptions[6] to the time-bar.

Here, Broderick has made no attempt to plead or prove any of the PCRA untimeliness exceptions. Therefore, the trial court had no jurisdiction to consider Broderick's petition and properly dismissed it.[7] ***Jones***, ***supra***; ***Fahy***, ***supra***.

_____

[6] The three statutory exceptions for an untimely petition under the PCRA consist of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, a petition invoking a timeliness exception pursuant to the statute must "be filed within 60 days of the date the claim could have been presented." ***Id.*** at § 9545(b)(2).

[7] As noted above, the trial court did not dismiss the petition as an untimely PCRA petition. However, as an appellate court we are not limited by the trial court's rationale and may affirm its decision on any basis. ***Commonwealth v. Clemens***, 66 A.3d 373, 381 n.6 (Pa. Super. 2013).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/16/2015