J-S33042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMIEN MIKALL | : | |
| | : | |
| Appellant | : | No. 2408 EDA 2017 |

Appeal from the PCRA Order July 11, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0712152-1996

BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JUNE 05, 2018**

Appellant, Damien Mikall, appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County dismissing his self-styled Petition for Writ of *Coram Norbis* as a serial petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Herein, Appellant contends the court erred in deeming his petition both cognizable and untimely under the PCRA.  We affirm.

The PCRA court aptly provides a procedural history of the case as follows:

> In August 1997, following a jury trial, Damian Mikall, a/k/a Damian Mikell, petitioner herein [hereinafter "Appellant"], was convicted of first-degree murder, possession of a weapon of crime, and criminal conspiracy before the Honorable Jane Cutler Greenspan.  On January 21, 1998, Appellant was sentenced to life imprisonment on the murder charge and concurrent sentences on the remaining charges.  On February 24, 2000, following a direct appeal, the Superior Court affirmed the judgment of sentence.

_____
* Former Justice specially assigned to the Superior Court.

Appellant's request for allocator was subsequently denied on October 27, 2000.

Appellant filed his first pro se PCRA petition on October 22, 2001, which was denied on August 21, 2002. The lower court's denial was affirmed on appeal on July 8, 2003. Appellant's request for allocator was subsequently denied on February 25, 2004.

Appellant filed his second PCRA petition on November 20, 2008, which was dismissed as untimely on January 27, 2010, by the Honorable Sheila Woods-Skipper, who at the time was the Supervising Judge of the Criminal Division of the First Judicial District. [Judge Woods-Skipper decided the matter because the Honorable Jane C. Greenspan was no longer sitting as a Common Pleas judge having been appointed to the Pennsylvania Supreme Court in 2008.] The Superior Court affirmed the dismissal on February 4, 2011.

Appellant filed his third PCRA petition *pro se* on July 29, 2014. . . . Pursuant to Pennsylvania Rule of Criminal Procedure 907, Appellant was served with notice of the court's intention to dismiss his PCRA petition on February 17, 2015. Appellant submitted a response on March 17, 2015. The [PCRA] court thereafter dismissed his petition as untimely on April 15, 2015. On May 20, 2015, Appellant filed a notice of appeal to the Superior Court, which on November 5, 2015, dismissed the appeal due to the failure to file a brief.

On December 30, 2016, Appellant filed a Petition for Writ of *Coram Nobis* wherein he argued that he is entitled to relief because Justice Greenspan indicated in 2005 that Her Honor had inadvertently failed to address a weight of the evidence claim set forth in a post-sentence motion and that had she been aware that a weight claim had been raised in the post-sentence motion, relief may have been forthcoming. *See pro se* Writ of *Coram Nobis* at 3. Appellant further submitted that this claim did not fit within the PCRA's seven enumerated grounds for [cognizability] and that he could obtain relief pursuant to a Writ of *Coram Nobis*. Appellant's *Pro Se* Brief in Support of *Coram Nobis* Relief.

[The PCRA court] determined that the relief Appellant sought was cognizable under the PCRA and therefore, his petition had to be treated as a PCRA petition. Consequently, on June 7, 2017, [the PCRA court] sent Appellant a Pa.R.Crim.P. 907 Notice of Intent to

Dismiss. Appellant filed a response on June 29, 2017. On July 11, 2017, after again reviewing the record, [the PCRA court] determined that Appellant's claim was cognizable under the PCRA and as such the provisions of the PCRA, including the one-year deadline set forth in 42 Pa.C.S. § 9545 applied. Upon applying this provision, [the PCRA] court determined that Appellant's most recent filing was not timely filed and on July 11, 2017, the [PCRA court] issued an order dismissing Appellant's self-styled Writ of *Coram Nobis*. Appellant thereafter timely filed a notice of appeal.

PCRA Court Opinion, filed 8/15/17, at 1-3 (footnotes omitted).

Appellant presents the following questions for our review:

**I.** **WHETHER THE UNDERLYING CLAIM RAISED WITHIN APPELLANT'S PRO SE PETITION FOR WRIT OF ERROR CORAM NOBIS (PETITION FOR CORAM NOBIS) IS COGNIZABLE, AND THUS, SUBSUMED UNDER 42 Pa.C.S.A. §§ 9541-9546, i.e., THE POST CONVICTION RELIEF ACT (PCRA)?**

**II.** **WHETHER APPELLANT'S *PRO SE* PETITION FOR CORAM NOBIS IS GOVERNED BY 42 PA.C.S.A. § 9545(B)(1), i.e. THE TIMELINESS PROVISION UNDER THE PCRA?**

In his first issue, Appellant contends the PCRA court erred in treating his petition for *coram nobis* as a PCRA petition, thereby subject to the Act's timing requirements. Our review of an order denying PCRA relief is "limited to a determination of whether the record supports the PCRA court's factual findings and whether its legal conclusion are free from error." ***Commonwealth v. Williams***, 141 A.3d 440, 452 (Pa. 2016).

The PCRA clearly states it is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies ..., including *habeas corpus* and *coram nobis*." 42 Pa.C.S. § 9542. ***See Commonwealth v. Peterkin***, 722 A.2d 638 (Pa. 1998); 42 Pa.C.S.A. § 9542 (stating PCRA

shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose).  Therefore, this Court has consistently found "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive to** the PCRA." *Commonwealth v. Pagan*, 864 A.2d 1231, 1233 (Pa. Super. 2004) (emphasis in original).

Instantly, Appellant styled his petition as a petition for writ of *coram nobis*, but the claim underlying the petition is cognizable under the PCRA. Specifically, the petition asserted that the trial court mistakenly failed to address Appellant's post-sentence motion raising a weight of the evidence claim, only to discover the oversight many years later and suggest there may have been merit to the claim.  However, regardless of when the court realized its oversight, Appellant should have been aware of it when the court filed its 1998 order and opinion dismissing Appellant's post-sentence motion.  From there, Appellant could have sought review of the issue with a motion for reconsideration, a direct appeal raising the issue, or with a timely PCRA petition claiming ineffective assistance of counsel for failing to take appropriate steps to gain review.

Indeed, this Court reached this very conclusion in affirming the order dismissing Appellant's untimely second PCRA petition, as we rejected Appellant's argument that the trial court's failure to address his weight of the evidence claim satisfied an exception to the one-year time limit of the PCRA. *See Commonwealth v. Mikell*, No. 540 EDA 2010, unpublished

memorandum at 7-8 (Pa.Super. filed February 4, 2011).[1]  Therein, implicitly recognizing the claim as cognizable under the PCRA, we held the petition was subject to the PCRA's timeliness provisions and did not qualify for an exception.

Appellant's present petition gives no reason to depart from the conclusion that a claim directed to the trial court's failure to address his weight of the evidence claim is cognizable under the PCRA.  Hence, we conclude the PCRA court properly treated Appellant's most recent filing as a PCRA petition.

---

[1] In **Mikell**, Appellant raised both a general claim that the trial court's failure to address his weight claim qualified as an exception to the PCRA's time-bar and a more specific claim that the court's inaction qualified for the government interference exception at Section 9545(b)(1)(i).  Specifically, Appellant alleged the trial court interfered

> with the presentation of his Weight claim in violation of the Constitution or law of this Commonwealth or the Constitution of laws of the United States where Trial Judge Greenspan's failure to properly address or rule upon the merits of appellant's Weight claim hindered appellant from raising his meritorious Weight claim on Direct Appeal in violation of appellant's constitutional right to a Direct Appeal pursuant to Article V Section 9 of the Pa. Constitution and Trial Judge Greenspan's lack of an exercise of discretion in addressing appellant's Weight claim prevented the appellate court from conducting an effective and meaningful review in violation of appellant's 14th Amendment right to Due Process under the Federal Constitution.

**Mikell**, at **7-8 (quoting Appellant's brief, at 16).  In rejecting these claims, we reiterated that Appellant had access to the trial court's opinion long ago and "could have taken action at that time to rectify any perceived error in the trial court's disposition."  **Id**. at 8.  One such action was the filing of a PCRA petition.

As such, we examine whether Appellant's petition is timely. The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Turner***, 73 A.3d 1283 (Pa.Super. 2013). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(1–2).

The record shows Appellant's judgment of sentence became final on or about January 25, 2001, upon expiration of the time to file a petition for writ of certiorari to the Supreme Court of the United States. ***See*** U.S.Sup.Ct.R. 13; 42 Pa.C.S.A. § 9543(b)(3) (providing that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). He filed the current, *pro se* serial petition for collateral relief on December 30, 2016, making it patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant has not demonstrated the applicability of any exceptions to the PCRA time-bar enumerated at 42 Pa.C.S.A. 9545(b)(1)(i-iii). Therefore, Appellant's petition is time-barred, and the PCRA court lacked jurisdiction to review it. ***See Turner***, ***supra***. Accordingly, we affirm the PCRA court's order dismissing Appellant's serial PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/5/18</u>