J-S15020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KHALIL WATSON, | |
| Appellant | No. 3530 EDA 2017 |

Appeal from the PCRA Order October 13, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004440-2012,
CP-15-CR-0004555-2012

BEFORE: STABILE, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED JUNE 28, 2018**

Appellant, Khalil Watson, appeals from the Order entered in the Chester County Court of Common Pleas dismissing his fourth Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and this Court, thus, lacks jurisdiction to review the Petition.

On September 23, 2013, Appellant entered a guilty plea to two counts of Criminal Attempt (Homicide).[1]  That same day, the trial court sentenced Appellant to serve an aggregate term of 11 to 22 years in prison.

---

[1] 18 Pa.C.S. § 901; 18 Pa.C.S. § 2501.  Appellant also pleaded guilty that same day to Resisting Arrest at docket No. CP-15-CR-0004377-2012.

Appellant did not file a direct appeal. Appellant's Judgment of Sentence, therefore, became final on October 24, 2013. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Pursuant to 42 Pa.C.S. § 9545(b)(1) and (3), Appellant had one year within which to file a PCRA Petition, *i.e.*, no later than October 24, 2014.

From 2014 through 2016, Appellant filed three unsuccessful PCRA Petitions.

On July 27, 2017, Appellant filed the instant *pro se* PCRA Petition, his fourth.[2] On October 13, 2017, after providing notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's fourth PCRA Petition as untimely. Appellant timely appealed.

A court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). As detailed above, pursuant to the plain language of the PCRA, Appellant had until October 24, 2014, to file his PCRA Petition. His filing on July 27, 2017, was, therefore, untimely by more than two years.

---

[2] The PCRA court properly treated Appellant's July 27, 2017 filing, titled "*Nunc Pro Tunc* Motion to Suppress," which rehashed already-litigated claims of ineffective assistance of counsel based on the failure to challenge the execution of his warrants, as a serial PCRA Petition. **See Commonwealth v. Pagan**, 864 A.2d 1231, 1233 (Pa. Super. 2004) (explaining "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is *exclusive to* the PCRA.").

Pennsylvania courts may consider an untimely PCRA petition if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1). Any petition invoking a timeliness exception must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Here, Appellant has not attempted to plead or prove that his Petition falls within the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1). Therefore, Appellant has not met his burden under the PCRA.

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/18

- 3 -