J-S33004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVIN RYAK | : | |
| | : | |
| Appellant | : | No. 2436 EDA 2017 |

Appeal from the PCRA Order July 13, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0910761-2003

BEFORE: OTT, J., McLAUGHLIN, J., and STEVENS[*], P.J.E.

MEMORANDUM BY OTT, J.: **FILED JULY 26, 2018**

Devin Ryak appeals, *pro se*, from the order entered July 13, 2017, in the Philadelphia County Court of Common Pleas, dismissing his petition for writ of *habeas corpus*, which the trial court construed to be an untimely PCRA[1] petition. Ryak seeks relief from the judgment of sentence of life imprisonment without parole, imposed on March 29, 2006, following his jury conviction of first-degree murder[2] and related charges. Ryak's sole issue on appeal asserts the trial court abused its discretion when it treated his *habeas corpus* petition as a PCRA petition. For the reasons below, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2502.

The facts and procedural history underlying this appeal are well-known to the parties, and we need not reiterate them in detail herein. In summary, on February 21, 2006, Ryak was convicted of first-degree murder, criminal conspiracy and possession of an instrument of crime[3] for the July 26, 2003, shooting death of Hakim Williams. His judgment of sentence was affirmed on direct appeal, and the Pennsylvania Supreme Court subsequently denied his petition for review. *See Commonwealth v. Ryak*, 943 A.2d 321 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 945 A.2d 169 (Pa. 2008). Thereafter, Ryak filed a timely and, later, untimely PCRA petitions, both of which were denied by the trial court. This Court affirmed those denials of relief on appeal. *See Commonwealth v. Ryak*, 64 A.3d 1296 (Pa. Super. 2013); *Commonwealth v. Ryak*, 134 A.3d 109 (Pa. Super. 2015), *appeal denied*, 132 A.3d 458 (Pa. 2016).

On January 4, 2017, Ryak filed the instant request for relief, which he styled as a petition for writ of *habeas corpus*. On May 31, 2017, the trial court issued notice of its intent to dismiss the petition as an untimely PCRA petition pursuant to Pa.R.Crim.P. 907. Subsequently, on July 13, 2017, the court dismissed the petition, and this timely *pro se* appeal followed.[4]

---

[3] *See* 18 Pa.C.S. §§ 2502, 903, and 907, respectively.

[4] On August 15, 2017, the trial court ordered Ryak to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Ryak complied with the court's directive, and filed a concise statement on August 25, 2017.

Ryak's sole claim on appeal is that the trial court abused its discretion when it "converted" his habeas petition to a PCRA petition, which it then determined was untimely filed. Ryak's Brief at 6. Specifically, he insists the claim he raised in his petition is not cognizable under the PCRA. *See id.* Indeed, he contends the statute under which he was sentenced, 18 Pa.C.S. § 1102(a),[5] is "unconstitutionally vague and therefore void" under the due process clause, because the statute does not "reasonably give fair notice" that the penalty of life imprisonment for first-degree murder is without parole. *Id.* at 7.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, a PCRA court may dismiss a petition "without an evidentiary hearing if there are no genuine issues of material fact and the petitioner is not entitled to relief." *Id.* at 1284 (citations omitted).

The PCRA is clear that it is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies …, including

---

[5] Section 1102(a) provides, in pertinent part, "a person who has been convicted of a murder of the first degree … shall be sentenced to death or to a term of life imprisonment in accordance with 42 Pa.C.S. § 9711 (relating to sentencing procedure for murder of the first degree)." 18 Pa.C.S. § 1102(a)(1).

habeas corpus and coram nobis." 42 Pa.C.S. § 9542. Therefore, "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive to** the PCRA." *Commonwealth v. Pagan*, 864 A.2d 1231, 1233 (Pa. Super. 2004), *cert. denied*, 546 U.S. 909 (2005) (emphasis in original). Subsequently, this Court further explained, "[i]ssues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013).

Here, Ryak does not challenge the court's determination that his petition, if viewed under the rubric of the PCRA, is untimely. Rather, the sole question on appeal is whether the claim Ryak raised in his petition is cognizable under the PCRA. We agree with the trial court's conclusion.

Section 9543 of the PCRA lists the seven specific claims cognizable under the Act. **See** 42 Pa.C.S. § 9543(a)(2). Included in these bases for relief is "[t]he imposition of a sentence greater than the lawful maximum." 42 Pa.C.S. § 9543(a)(2)(vii). Ryak insists his constitutional challenge to the sentencing statute does not fall under this claim. However, the Pennsylvania Supreme Court has interpreted Subsection 9543(a)(2) broadly, as is evident from its recent decision granting a defendant relief from an illegal sentence under *Alleyne v. United States*, 570 U.S. 99 (2013):

> We are cognizant that Section 9543 specifically delineates the availability of relief and includes relief from "[t]he imposition of a sentence greater than the lawful maximum[;]" or "[a] proceeding in a tribunal without jurisdiction." **Id.** § 9543(vii), (viii). However, the traditional view of sentence illegality claims was

- 4 -

> limited to either a sentence that exceeded that statutory maximum or one imposed by a court lacking jurisdiction. In [**Commonwealth v.**] **Barnes**, [151 A.3d 121 (Pa. 2016),] this Court adopted a test to determine whether a sentencing claim is illegal, thereby expanding the concept of illegal sentencing. That the PCRA speaks to addressing illegal sentences and specifically sentences exceeding the lawful maximum or imposed by a court without jurisdiction, does not preclude [a petitioner] from obtaining relief from his unquestionably illegal sentence, as the "legality of the sentence is always subject to review within the PCRA" where, as here, the petition is timely.

**Commonwealth v. DiMatteo**, 177 A.3d 182, 192 (Pa. 2018) (some internal citations omitted).

In his petition, Ryak asserts his sentence is unconstitutional, and thereby illegal, because the statute authorizing a life sentence for those convicted of first-degree murder, 18 Pa.C.S. § 1102, does not specify that term is to be imposed **without parole**. We agree with the trial court that this claim is cognizable under the PCRA as a challenge to the legality of Ryak's sentence.[6] Therefore, Ryak was constrained to bring this claim in a timely PCRA petition. Moreover, because his judgment of sentence was final in June of 2008, Ryak's current petition is patently untimely. **See Commonwealth v. Ryak**, 134 A.3d 109 (Pa. Super. 2015) (unpublished memorandum at *3) (concluding Ryak's prior PCRA petition, filed in April of 2013, was untimely). Furthermore, as noted *supra*, Ryak does not argue on appeal that his petition was timely filed, nor does he raise any of the time for filing exceptions set

---

[6] Indeed, even considering the language of Section 9543(a)(2) narrowly, an argument could be made that Ryak's sentence is greater than the lawful maximum if it were to be determined that the statute imposing a life sentence without parole was unconstitutionally vague.

- 5 -

forth in 42 Pa.C.S. § 9545(b)(1). Accordingly, we conclude the trial court properly dismissed Ryak's request for relief as an untimely PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/18