J-S40007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAROLD KEATON, | : | |
| | : | |
| Appellant | : | No. 3629 EDA 2017 |

Appeal from the PCRA Order October 2, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1101271-1976

BEFORE: LAZARUS, J., DUBOW, J., and PLATT, J.*

JUDGMENT ORDER BY DUBOW, J.:  **FILED SEPTEMBER 21, 2018**

Appellant, Harold Keaton, appeals from the Order entered in the Philadelphia County Court of Common Pleas dismissing his "Petition for *Habeas Corpus*" as an untimely third Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and this Court, thus, lacks jurisdiction to review the Petition.

Appellant stabbed his roommate to death in October 1976.  On April 6, 1977, a jury found Appellant guilty of First-Degree Murder and Possessing an Instrument of Crime ("PIC").[1]  On January 27, 1978, the trial court sentenced Appellant to life imprisonment for the First-Degree Murder conviction, followed by a consecutive term of 2½ to 5 years' incarceration for the PIC conviction.

---

[1] 18 Pa.C.S. § 2502(a) and 18 Pa.C.S. § 907, respectively.

---

* Retired Senior Judge assigned to the Superior Court.

Appellant filed a direct appeal, and this Court and our Supreme Court affirmed his Judgment of Sentence. *See Commonwealth v. Keaton*, 419 A.2d 578 (Pa. Super. 1980), *aff'd*, 431 A.2d 999 (Pa. 1981). Appellant's Judgment of Sentence became final on September 8, 1981, when his time for seeking review with the United States Supreme Court expired.[2]

From 1984 to 1996, Appellant filed two unsuccessful PCRA Petitions. On February 21, 2014, Appellant filed the instant *pro se* PCRA Petition, his third.[3] On October 2, 2017, after providing notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's third PCRA Petition as untimely. Appellant timely appealed.

A court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). As detailed above, Appellant had until September 8, 1982, to file his PCRA Petition. His filing on February 21, 2014, was, therefore, untimely by more than 31 years.

---

[2] *See* U.S.Sup.Ct.R. 20 (effective June 30, 1980; amended August 1, 1984 at U.S.Sup.Ct.R. 20.1) (allowing 60 days to file petition for writ of certiorari). The current rule allows 90 days to file a petition for writ of certiorari. *See* U.S.Sup.Ct.R. 13.

[3] The PCRA court properly treated Appellant's February 21, 2014 filing, titled "Petition for *Habeas Corpus*," which challenged the legality of his sentence and the sufficiency of the evidence supporting his convictions, as a serial PCRA Petition. *See Commonwealth v. Pagan*, 864 A.2d 1231, 1233 (Pa. Super. 2004) (explaining "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is *exclusive to* the PCRA.").

Pennsylvania courts may consider an untimely PCRA petition if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1). Any petition invoking a timeliness exception must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Here, Appellant has not attempted to plead or prove that his Petition falls within the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1). Therefore, Appellant has not met his burden under the PCRA.

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/18

- 3 -