J-S44014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PATRICK OKEY | : | |
| | : | |
| Appellant | : | No. 679 MDA 2020 |

Appeal from the PCRA Order Entered April 21, 2020
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004710-2008

BEFORE:  BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED OCTOBER 29, 2020**

Appellant, Patrick Okey, appeals *pro se* from the post-conviction court's

order denying, as untimely, his fifth petition under the Post Conviction Relief

Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

This Court previously summarized the facts and procedural history of

Appellant's case, as follows:

> In May 2008, Appellant was charged with two counts of
> luring a child into a motor vehicle, and one count of stalking, after
> he approached a minor child on three occasions, and offered her
> a ride on one of those occasions.  A jury found Appellant guilty of
> one count each of luring and stalking the child.  Subsequently, he
> was sentenced to one year less one day to two years['] less two
> days['] incarceration for luring the child, and a concurrent term of
> three to twelve months of incarceration for stalking.  Appellant
> also became subject to the reporting requirements of the then-
> enacted Megan's Law.  Appellant appealed, challenging the
> sufficiency of the evidence against him, and we affirmed.
> ***Commonwealth v. Okey***, 4 A.3d 185 (Pa. Super. 2010)
> (unpublished memorandum).  Appellant sought no further review.

> Thereafter, Appellant was released from custody.  Appellant
> failed to register with the Pennsylvania State Police in accordance

with his Megan's Law reporting requirements. On January 27, 2011, Appellant was charged with a violation of Megan's Law, and after being found guilty of that offense, he received a sentence of two to four years of incarceration.

From 2013 to 2014, Appellant unsuccessfully litigated two petitions for collateral relief at this case. In 2016, Appellant filed a third PCRA petition. The PCRA court issued a [Pa.R.Crim.P.] 907 notice of its intent to dismiss and Appellant filed a response[,] conceding that he was no longer serving a sentence for his 2009 convictions. Nevertheless, Appellant argued he was entitled to relief because his 2009 convictions "enhanced" his current sentence for his conviction of failure to comply with sex offender registration requirements. The PCRA court dismissed the petition. We affirmed the PCRA court's dismissal of Appellant's petition, explaining that Appellant was not eligible for PCRA relief since he was no longer serving a sentence. ***Commonwealth v. Okey***, 179 A.3d 547 (Pa. Super. 2017) (unpublished judgment order at 4). Appellant's petition for allowance of appeal was also denied. ***Commonwealth v. Okey***, 184 A.3d 148 (Pa. 2018).

On May 11, 2018, Appellant filed [another] PCRA petition, his fourth. In his petition, Appellant challenged his previous counsel's effectiveness for failing to file a petition or allowance of appeal. The PCRA court appointed counsel and scheduled a hearing. The Commonwealth responded with a motion to dismiss, arguing that Appellant had finished serving his sentence and therefore was no longer eligible for relief under the PCRA. After receiving the Commonwealth's motion, the PCRA court cancelled the hearing and denied the petition, finding that Appellant was no longer serving a sentence of imprisonment, probation or parole for the 2009 conviction. Appellant filed a timely notice of appeal….

***Commonwealth v. Okey***, No. 1021 MDA 2018, unpublished memorandum at *1-3 (Pa. Super. filed Oct. 23, 2019). This Court affirmed the denial of Appellant's fourth petition, again concluding that he had completed his sentence and was, therefore, ineligible for post-conviction relief. ***See id.*** at *5.

On March 27, 2020, Appellant filed a document titled, "Renewal of Petition for A Writ of Error Coram Nobis Resulted in Defendant's Conviction." Therein, he raised claims of ineffective assistance of counsel, insufficient evidence to sustain his convictions, errors in the trial court's admission of evidence, and prosecutorial misconduct. The trial court treated Appellant's filing as a PCRA petition, and denied it without a hearing on April 15, 2020.[1] Appellant filed a timely, *pro se* notice of appeal, and he complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on June 10, 2020.

Herein, Appellant states the following issues for our review, which we reproduce *verbatim*:

> 1. Whether the trial Court erred in refusing without hearing Petition for writ of error Coram Nobis resulted in his Conviction, to decide whether Appellant's Constitutional rights to Pa.R.CRIM.P. 600 were violated, when was granted but never released.
>
> 2. Whether the trial Court erred in denying without hearing Petition for writ of error Coram Nobis resulted in his Conviction, to introduce Sufficiency of evidence resulted in his conviction.
>
> 3. Whether the Court erred in denying without hearing Petition for writ of error Coram Nobis resulted in his Conviction, to introduce

---

[1] Appellant does not challenge the court's failure to file a Rule 907 notice of its intent to dismiss his petition without a hearing and, therefore, that error is waived. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) ("The failure to challenge the absence of a Rule 907 notice constitutes waiver.") (citation omitted).

evidence of Inadequate representation of trial Counsel to the Constitutional rights recognized by the U.S. Supreme Court.

4. Whether Court erred in denying without hearing Petition for writ of error Coram Nobis resulted in his Conviction, to intoduce evidence of Prosecutorial misconduct in Violation of the Constitution of the United States.

Appellant's Brief at 3.

In Appellant's four issues, he alleges a Rule 600 violation, insufficient evidence to support his convictions, ineffective representation by his trial counsel, and prosecutorial misconduct before and during his trial. Appellant's claims do not warrant relief for several reasons.

First, Appellant does not present any challenge to the trial court's construing his petition for writ of *coram nobis* as a PCRA petition, and we discern no error in that decision. **See Commonwealth v. Pagan**, 864 A.2d 1231, 1232-33 (Pa. Super. 2004) ("The … [PCRA] explicitly states that it "shall be the sole means of obtaining collateral relief" and that its provisions "encompass[] all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*.") (quoting 42 Pa.C.S. § 9542). Accordingly, to be eligible for PCRA relief, Appellant must be establish that he is currently serving a sentence of incarceration, probation or parole for his crimes. **See** 42 Pa.C.S. § 9543(a)(1)(i). This Court has already concluded, in two separate decisions, that Appellant does not meet this eligibility requirement. **See Okey**, No. 1021 MDA 2018, unpublished memorandum at *5; **Commonwealth v. Okey**, No.

531 MDA 2017, unpublished judgment order at *2 (Pa. Super. filed Oct. 10, 2017).

Additionally, even if Appellant was still serving his sentence, his petition is facially untimely. The PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, a petition must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on or about June 7, 2010, at the conclusion of the time to file a petition for allowance of appeal with our Supreme Court. *See* Pa.R.A.P. 1113. Thus, his present petition, filed on March 27, 2020, is patently untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). Appellant wholly fails to meet this burden. He does not even mention, let alone present a developed argument, that any timeliness exception applies to his case.

Furthermore, Appellant's claims of a Rule 600 violation, insufficient evidence, and prosecutorial misconduct are all waived, as they could have been raised earlier than the present petition. *See* 42 Pa.C.S. § 9543(a)(3) (stating that a petitioner is not eligible for PCRA relief if his claim has been previously litigated or waived); 42 Pa.C.S. § 9544(b) (stating that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding"). In regard to Appellant's ineffective-assistance-of-counsel argument, our Supreme Court has consistently held that such claims "will not overcome the jurisdictional timeliness requirements of the PCRA."

*Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted).

In sum, Appellant is ineligible for PCRA relief because he has finished serving his sentence. Alternatively, his petition is untimely, and the claims he seeks to raise are waived, and/or do not meet any timeliness exception. For all of these reasons, the court properly denied his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2020