J-S33012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANDRE MURRAY :
:
Appellant : No. 2240 EDA 2017

Appeal from the Order Entered May 19, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011666-2008

BEFORE: OTT, J., McLAUGHLIN, J., and STEVENS[*], P.J.E.

MEMORANDUM BY OTT, J.: **FILED AUGUST 06, 2018**

Andre Murray appeals, *pro se*, from the order entered May 19, 2017, dismissing his petition for writ of *habeas corpus*, which the trial court construed to be an untimely PCRA[1] petition. Murray seeks relief from the judgment of sentence of 20 to 40 years' imprisonment imposed on February 17, 2010, following his jury conviction of attempted murder, aggravated assault, criminal conspiracy, and possession of an instrument of crime ("PIC").[2] On appeal, Murray contends his sentence is illegal because it was based upon an unconstitutional mandatory minimum statute, and he has a

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

[2] *See* 18 Pa.C.S. §§ 903/2502(a), 2701(a), 903(a), and 907(a), respectively.

"valid claim of being innocent of the sentence imposed upon him." Murray's Brief at 3. For the reasons below, we affirm.

The facts underlying Murray's conviction are well known to the parties and we need not reiterate them herein. In summary, after Murray was convicted of the above-stated charges, the trial court sentenced him on February 17, 2010, to a term of 20 to 40 years' imprisonment for the charge of attempted murder, and a concurrent term of one to two years' imprisonment for the charge of PIC. Murray's judgment of sentence was affirmed by this Court on November 12, 2011, and the Pennsylvania Supreme Court subsequently denied his petition for appeal. *See Commonwealth v. Murray*, 38 A.3d 926 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, ___ A.3d ___ (73 EAL 2012) (Pa. 2012).

Murray filed a timely PCRA petition on July 26, 2013, which the PCRA court later dismissed. A panel of this Court affirmed the dismissal order on November 14, 2015, and, once again, the Supreme Court denied review. *See Commonwealth v. Murray*, 134 A.3d 479 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 141 A.3d 479 (Pa. 2016). Murray then filed a second PCRA petition challenging the legality of his sentence under *Alleyne v. United States*, 570 U.S. 99 (2013).[3] The PCRA court dismissed the petition as untimely filed.

_____

[3] In *Alleyne*, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to

- 2 -

Thereafter, on March 27, 2017, Murray filed the instant request for relief, which he styled as a petition for writ of *habeas corpus*. On April 12, 2017, the trial court issued notice of its intent to dismiss the petition as an untimely filed PCRA. Although Murray filed a *pro se* response, the court ultimately dismissed the petition on May 19, 2017. This timely appeal followed.[4]

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted).

Upon our review of Murray's *pro se* brief, it is unclear whether he disputes the court's determination that his petition for *habeas corpus* relief should be construed as a PCRA petition. Nevertheless, we find the court's decision was proper. It is well-settled the PCRA is "the sole means of obtaining collateral relief,"[5] and "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive to** the PCRA."

_____

the jury and found beyond a reasonable doubt." **Alleyne**, **supra**, 570 U.S. at 103. In interpreting that decision, the courts of this Commonwealth have determined that most of our mandatory minimum sentencing statutes are unconstitutional. **See Commonwealth v. Hopkins**, 117 A.3d 247, 262 (Pa. 2015); **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015).

[4] The trial court did not direct Murray to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[5] 42 Pa.C.S. § 9542.

*Commonwealth v. Pagan*, 864 A.2d 1231, 1233 (Pa. Super. 2004), *cert. denied*, 546 U.S. 909 (2005) (emphasis in original). Moreover, "[i]ssues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013).

Here, Murray challenges the legality of his sentence under *Alleyne*. Such a claim is cognizable under the PCRA. *See Commonwealth v. DiMatteo*, 177 A.3d 182, 192 (Pa. 2018) (holding challenge to mandatory minimum sentence under *Alleyne* is an illegal sentencing claim cognizable under the PCRA). Accordingly, the trial court correctly construed Murray's request for relief to be a PCRA petition, and, thus, subject to the PCRA's timing requirements. Moreover, the court found Murray's petition was untimely filed, and his claim was previously litigated:

> [Murray] has already filed a PCRA petition raising exactly the same ground for relief. That petition, which was filed on August 30, 2016, was dismissed by the Court on the ground that it was untimely filed. Because the instant Petition was not filed until March 27, 2017, approximately seven months later, it is *a fortiori* untimely as well.

Trial Court Order, 4/12/2017, at 1-2. We agree. Murray failed to plead or prove the applicability of any of the time for filing exceptions. *See* 42 Pa.C.S. § 9454(b).

It appears Murray's argument on appeal is simply that because the mandatory minimum statute under which he was sentenced has been declared unconstitutional, his sentence is null and void, despite any procedural

- 4 -

challenges. **See** Murray's Brief at 1-2. Further, he insists that if he were compelled to "continue to serve an illegal sentence that is patent and obvious on the face of the court record, [it] would be a fundamental miscarriage of justice[.]" **Id**. at 3.

However, it is axiomatic that all claims, including those implicating the legality of a sentence or asserting a miscarriage of justice, "must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). Particularly with respect to **Alleyne** claims, our Supreme Court has held that relief is available under the PCRA only if the petitioner's judgment of sentence was not final at the time **Alleyne** was decided and the petitioner presented his claim in a timely PCRA petition. **See DiMatteo**, **supra**, 171 A.3d at 192. Murray meets neither criteria, and, consequently, is entitled to no relief.[6]

Order affirmed.

---

[6] We note, too, that our review of the record reveals Murray was not sentenced pursuant to any of our now unconstitutional mandatory minimum statutes. **See** N.T., 2/17/2010 at 28; Court Commitment Order, 2/17/2010. Rather, the court imposed a standard range guideline sentence, which was increased pursuant to the deadly weapon enhancement, a statutory scheme that does not implicate **Alleyne**. **See Commonwealth v. Shull**, 148 A.3d 820, 830 n.6 (Pa. Super. 2016).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/6/18