J-S83041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW NORMAN WHITE, | : | |
| | : | |
| Appellant | : | No. 1098 WDA 2018 |

Appeal from the Order Entered July 10, 2018
in the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000791-2015

BEFORE: PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED MARCH 15, 2019**

Andrew Norman White ("White"), *pro se*, appeals from the Order denying his *pro se* "Petition for Modification of Sentence," which the common pleas court treated as a second Petition filed under the Post Conviction Relief Act ("PCRA").[1]  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

---

[1] The PCRA court properly treated White's Petition as a PCRA Petition, and we will therefore refer to it as such.  **See Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (stating that this Court has "repeatedly held that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.") (citation and ellipses omitted); **see also Commonwealth v. Pagan**, 864 A.2d 1231, 1233 (Pa. Super. 2004) (stating that "[u]nder the plain words of the [PCRA], if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is *exclusive to* the PCRA." (emphasis in original)).

Following White's negotiated plea of guilty to sexual assault and attempt to commit indecent assault,[2] the trial court sentenced him, on June 7, 2016, to an aggregate term of 42 to 84 months in prison.[3]  Notably to the instant appeal, the trial court informed White at the time of sentencing that he was **not** eligible for the Recidivism Risk Reduction Incentive ("RRRI") program.[4]

White thereafter filed several *pro se* post-sentence filings.  On October 11, 2016, White filed a *pro se* "Motion to Vacate," which the PCRA court treated as a first PCRA Petition.  In response, the PCRA court appointed White PCRA counsel, who filed an Amended PCRA Petition.  White later filed a Motion to withdraw his PCRA Petition, which the PCRA court granted.

On June 13, 2018, White filed the instant *pro se* PCRA Petition, requesting a "modification" to his sentence based upon a perceived change in the rules applicable to RRRI.  Specifically, White asserted that he was entitled to this relief pursuant to the then-recent decision of the Pennsylvania Supreme

---

[2] 18 Pa.C.S.A. §§ 3124.1, 901(a).

[3] The sentences were at the low end of the applicable standard sentencing guidelines ranges.  Moreover, as a result of his convictions, White was required to register as a sex offender pursuant to the Sex Offenders Registration and Notification Act ("SORNA").  **See** 42 Pa.C.S.A. §§ 9799.10-9799.41 (amended Feb. 21, 2018).

[4] **See** 61 Pa.C.S.A. §§ 4501-4512.  The RRRI Act "is intended to encourage eligible offenders to complete Department of Corrections programs that are designed to reduce recidivism.  **See** 61 Pa.C.S. §§ 4502, 4504(b).  Eligible offenders may also be able to take advantage of a reduced sentence.  **See** *id.* § 4505(c)."  **Commonwealth v. Cullen-Doyle**, 164 A.3d 1239, 1240 (Pa. 2017).

Court in *Cullen-Doyle* (decided July 20, 2017) (holding that a single first-degree burglary conviction was insufficient to evidence a history of present or past violent behavior such that the defendant was ineligible for RRRI).

By an Order entered on July 10, 2018, the PCRA court denied the Petition without a hearing. In its Order, the PCRA court determined that even if it possessed jurisdiction to reach the merits of White's claim, *Cullen-Doyle* is inapposite, and White was not RRRI-eligible at the time of sentencing on the basis that he was convicted of an offense that made him statutorily-ineligible. White timely filed a Notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal. The PCRA court then issued a Rule 1925(a) Opinion.

White now presents the following questions for our review:

1.) Is [White] eligible for relief from the Crawford County Court[] for R.R.R.I. based on "Newly Discovered" information on prior "criminal history[,]" under the Supreme Court ruling under [] *Cullen-Doyle*…?

2.) Is [White] eligible for consideration for R.R.R.I. relief under *Cullen-Doyle* based on the "Newly Discovered" information clause under *Com*[*monwealth*] *v*[*.*] *Brandon*[,] 51 A[.]3d 231 [(Pa. Super. 2012),] and *Com*[*monwealth*] *v*[*.*] *Smith*[,] 35 A[.]3d 766 [(Pa. Super. 2011)]?

3.) Did the Crawford County Court[] err[] and abuse [its] discretion for not granting [White] relief based on the Supreme Court ruling in *Cullen-Doyle*?

Brief for Appellant at 2. As White's issues are closely related, we will address them simultaneously.

Initially, we note that the Argument section of White's brief consists of only two sentences, cites to only one case (***Cullen-Doyle***), and does not correspond with the three issues set forth in his above-listed Statement of Questions Presented.  **See** Pa.R.A.P. 2119(a); ***see also Commonwealth v. Long***, 753 A.2d 272, 279 (Pa. Super. 2000).  However, we will overlook these defects, and briefly address White's claims, to the extent that we can discern them.  ***See Commonwealth v. Blakeney***, 108 A.3d 739, 766 (Pa. 2014) (acknowledging that this Court may liberally construe materials filed by a *pro se* litigant).  White contends that the PCRA court erred in determining that ***Cullen-Doyle*** was of no avail to him, and that he was *per se* ineligible for RRRI consideration.  Brief for Appellant at 6; ***see also id.*** (asserting that White had no prior criminal history and was not found to be a sexually violent predator).

Any PCRA petition must be filed within one year of the date the judgment of sentence becomes final.  42 Pa.C.S.A. § 9545(b)(1).  Here, White's instant Petition is facially untimely, as he filed it approximately two years after his judgment of sentence became final.  Furthermore, because White did not acknowledge the untimeliness of his Petition or invoke any of the three exceptions to the PCRA's time bar, **see** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), the PCRA court lacked jurisdiction to address the merits of his claim.  ***See Commonwealth v. Medina***, 92 A.3d 1210, 1215 (Pa. Super. 2014) (*en banc*)

(stating that "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." (citation omitted)).

Nevertheless, even if the PCRA court had jurisdiction to address the merits of White's claim,[5] we would determine that the court properly rejected it,[6] and in so holding, adopt the following sound rationale in the PCRA court's Opinion:

> [White] was convicted of, *inter alia*, Sexual Assault, located at 18 Pa.C.S. § 3124.1. Sexual Assault is enumerated under [the] RRRI [Act] as an offense rendering a [d]efendant **per se ineligible** for the RRRI program. [**See** 61 Pa.C.S. § 4503(4) (setting forth the definition of an "eligible offender" under the RRRI Act).] Not only is Sexual Assault an offense for which SORNA registration is required, Sexual Assault is arguably a personal injury crime as described in the "Crime Victim's Act[,]" [**see** 18 P.S. § 11.101 *et seq.*; **see also** 61 Pa.C.S. § 4503(3) (providing that an RRRI-eligible offender "[h]as not been found guilty of or previously convicted of … a personal injury crime as defined under … the Crime Victims Act….").] Accordingly, the fact that [White] does not have a "history of past or present violent behavior[,]" **see Cullen-Doyle**, 164 A.3d at 1240, is irrelevant. [White] is *per se* ineligible for RRRI because he was convicted of Sexual Assault, which automatically disqualified him from participation in the program.
>
> In fact, in **Cullen-Doyle**, the [Supreme C]ourt "acknowledge[d] that Section 4503 prescribes that individuals who have been convicted of certain enumerated offenses are

---

[5] It could be argued that White, in citing the Supreme Court's decision in **Cullen-Doyle**, was inexpertly attempting to invoke the newly-recognized constitutional right timeliness exception, set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii).

[6] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).

ineligible for participation in the [RRRI] program. ***See*** 61 Pa.C.S. § 4503 …." [***Cullen-Doyle***, 164 A.3d at 1243]. Here, ***Cullen-Doyle*** supports the fact that [White] is *per se* ineligible because of his Sexual Assault conviction.

PCRA Court Opinion, 8/27/18, at 2 (unnumbered, emphasis added).

Accordingly, as none of White's issues entitle him to relief, and we discern no error by the PCRA court, we affirm the Order denying White's second PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2019