J-S13028-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROGER J. WOO | : | |
| | : | |
| Appellant | : | No. 1181 WDA 2018 |

Appeal from the Order Dated July 24, 2018
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0003290-1994

BEFORE: BENDER, P.J.E., OTT, J., and STRASSBURGER[*], J.

MEMORANDUM BY OTT, J.:                                   FILED MAY 8, 2019

Roger J. Woo appeals, pro se, from the order entered July 24, 2018, in the Westmoreland County Court of Common Pleas, dismissing his petition for writ of habeas corpus, which the trial court construed to be an untimely, serial PCRA[1] petition. Woo seeks relief from the judgment of sentence of life imprisonment imposed on March 27, 1996, following his jury conviction of first-degree murder[2] for the shooting death of his paramour. On appeal, Woo argues the trial court abused its discretion when it denied his petition for relief without first conducting a hearing on his claims concerning (1) the ineffective assistance of trial and appellate counsel, (2) the trial court's inaccurate jury

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] See Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

[2] See 18 Pa.C.S. § 2502(a).

instructions, and (3) the Commonwealth's use of racially discriminatory preemptory challenges in choosing his jury. In addition, Woo asserts his sentence is illegal. For the reasons below, we affirm.

The facts underlying Woo's arrest and conviction are well-known to the parties, and we need not reiterate them in detail herein. In summary, Woo was charged with first-degree murder after he shot and killed his paramour in September of 1994. A jury found him guilty on March 27, 1996, the trial court sentenced him to a term of life imprisonment without the possibility of parole that same day.[3] Woo filed a direct appeal. A panel of this Court affirmed the judgment of sentence, the Pennsylvania Supreme Court denied Woo's petition for allowance of appeal, and on May 18, 1998, the United States Supreme Court denied his petition for certiorari. See Commonwealth v. Woo, 698 A2d 673 (Pa. Super. 1997) (unpublished memorandum), appeal denied, 705 A.2d 1309 (Pa. 1997), cert. denied, 523 U.S. 1121 (1998).

Woo filed his first PCRA petition on May 14, 1999, in which he asserted the ineffectiveness of trial counsel for failing to present a diminished capacity or involuntary intoxication defense. The court denied relief, and a panel of this Court affirmed on appeal. The Pennsylvania Supreme Court later denied Woo's petition for allowance of appeal. See Commonwealth v. Woo, 863 A.2d 1234 (Pa. Super. 2004) (unpublished memorandum), appeal denied, 880 A.2d 1239 (Pa. 2005). Woo subsequently filed two more PCRA petitions,

_____

[3] The Commonwealth did not seek the death penalty.

which were dismissed by the PCRA court.  He did not appeal those rulings.  On March 7, 2016, Woo filed a petition for writ of habeas corpus, which the PCRA court construed to be an untimely, fourth PCRA petition.  The court denied relief, and, once again, a panel of this Court affirmed the order on appeal, and the Supreme Court denied Woo's petition for allowance of appeal.  See Commonwealth v. Woo, 178 A.3d 154 (Pa. Super. 2017) (unpublished memorandum), appeal denied, 182 A.3d 993 (Pa. 2018).

Thereafter, on May 7, 2018, Woo filed the present petition for writ of habeas corpus, followed by a supplemental amended petition.  The PCRA court determined Woo's petition was, in fact, his fifth request for PCRA relief, and denied it as untimely filed on July 24, 2018.[4]  This timely appeal follows.[5]

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error."

_____

[4] We note the PCRA court did not issue Woo notice of its intent to dismiss his petition without first conducting an evidentiary hearing as required by Pa.R.Crim.P. 907.  However, because Woo has not challenged that defect on appeal, he waived any objection to the court's omission.  See Commonwealth v. Taylor, 65 A.3d 462, 468 (Pa. Super. 2013).  Moreover, this Court has held the "failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely."  Commonwealth v. Zeigler, 148 A.3d 849, 852 n.2 (Pa. Super. 2016).  As will be discussed infra, we agree with the PCRA court's conclusion that Woo's petition is manifestly untimely.

[5] The PCRA court did not direct Woo to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Rather, on September 6, 2018, the court issued a "decree" pursuant to Pa.R.A.P. 1925(a), stating "the reasons for its decision appear in the Opinion and Order dated July 24, 2018[.]"  Decree, 9/6/2018.

Commonwealth v. Mitchell, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted).

To the extent Woo disputes the PCRA court's determination that his petition for habeas corpus relief should be construed as a PCRA petition,[6] we find the court's decision was proper. It is well-settled the PCRA is "the sole means of obtaining collateral relief,"[7] and "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is exclusive to the PCRA." Commonwealth v. Pagan, 864 A.2d 1231, 1233 (Pa. Super. 2004), cert. denied, 546 U.S. 909 (2005) (emphasis in original). Moreover, "[i]ssues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a habeas corpus petition." Commonwealth v. Taylor, 65 A.3d 462, 466 (Pa. Super. 2013).

Woo's claims concerning (1) the ineffectiveness of trial and appellate counsel for failing to present a diminished capacity defense, (2) the court's failure to suppress his statements to police, (3) the court's erroneous jury instructions, and (4) the Commonwealth's discriminatory use of preemptory challenges during jury selection are all issues that could be remedied under the PCRA.[8] Woo does not contend otherwise in his brief. However, he argues that the challenge to the legality of his sentence constitutes a claim that he is

_____

[6] See Woo's Brief at 19-22.

[7] 42 Pa.C.S. § 9542.

[8] See Woo's Brief at 7-19.

- 4 -

"illegally confined," which falls outside the ambit of the PCRA. Woo's Brief at 21. We disagree.

The PCRA provides an avenue for relief to rectify illegal sentences. See 42 Pa.C.S. § 9543(a)(2)(vii). Here, Woo argues he was denied due process when the trial court imposed a sentence of life imprisonment without the possibility of parole absent "the mandatory jury deliberation." Woo's Brief at 19. He concedes 18 Pa.C.S. § 1102(a)(1) mandates that a person convicted of first-degree murder may be sentenced only to death or life imprisonment. See id. at 20. However, the statute refers to the sentencing procedures set forth in 42 Pa.C.S. § 9711. Those procedures calls for a "separate sentencing hearing in which the jury shall determine whether the defendant shall be sentenced to death or life imprisonment." 42 Pa.C.S. § 9711(a)(1). Accordingly, Woo contends that because he was never afforded a separate sentencing hearing with "the mandatory jury deliberations," the proceedings violated his due process rights. Woo's Brief at 21.

While the Pennsylvania Supreme Court has concluded that certain illegal sentencing claims fall outside the ambit of the PCRA,[9] we find the particular claim raised herein is cognizable under the PCRA. In Commonwealth v. Smith, 194 A.3d 126 (Pa. 2018), the Supreme Court held the petitioner's "void for vagueness" challenge to Section 1102 was not the type of illegal sentencing claim which could be addressed by the PCRA. See id. at 137-138.

_____

[9] See Commonwealth v. Smith, 194 A.3d 126 (Pa. 2018).

The petitioner argued Section 1102 "ostensibly does not provide adequate notice that the penalty of 'life imprisonment' means life imprisonment without the possibility of parole." Id. at 135. After discussing the types of sentencing claims cognizable under the PCRA,[10] the Supreme Court opined:

> [Petitioner's] void-for-vagueness claim is a sentencing issue that presents a legal question that is qualitatively distinct from the categories of illegal sentences recognized by our courts. It does not challenge the sentencing court's authority or actions insomuch as it challenges the legislature's alleged failure to provide adequate notice of the penalty for first-degree murder.

Id. at 138. Conversely, the claim raised by Woo here attacks the trial court's authority to impose a sentence of life without parole, and, accordingly, falls under the illegal sentencing provision in the PCRA. See 42 Pa.C.S. § 9543(a)(2)(vii) (providing PCRA relief when petitioner demonstrates the court imposed a sentence "greater than the lawful maximum"). Accordingly, we find the PCRA court did not err in construing Woo's self-styled petition for writ of habeas corpus to be his fifth PCRA petition.

Next, we must consider whether Woo's petition was timely filed. The requirement that a PCRA petition must be filed within one year of the date the underlying judgment becomes final "is mandatory and jurisdictional in nature." Commonwealth v. Taylor, 67 A.3d 1245, 1248 (Pa. 2013), cert.

_____

[10] The Court categorized these illegal sentencing claims as those that (1) "fell outside the legal parameters prescribed by the applicable statute"; (2) involved merger or double jeopardy issues; (3) implicated the rule in Apprendi v. New Jersey, 530 U.S. 466 (2000) or Alleyne v. United States, 570 U.S. 99 (2013); and (4) "claims pertaining to the Eighth Amendment's Cruel and Unusual Punishment Clause[.]" Smith, supra, 194 A.3d at 137 (citations and some punctuation omitted).

denied, 134 S.Ct. 2695 (U.S. 2014). See also 42 Pa.C.S. § 9545(b)(1). "The court cannot ignore a petition's untimeliness and reach the merits of the petition." Id.

In the present case, Woo's judgment of sentence was final on May 18, 1998, the date the United States Supreme Court denied his petition for certiorari. Therefore, Woo had until May 19, 1999, to file a timely PCRA petition,[11] and the one before us was not filed until nearly 20 years later, May 7, 2018. Therefore, his petition is manifestly untimely.

Nevertheless, an untimely petition may still be considered if "the petition alleges and the petitioner proves" one of the time-for-filing exceptions set forth in Section 9545(b)(1). See 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Woo did not address the applicability of a timing exception in any meaningful manner in either his petition or his appellate brief.[12] Therefore, we agree with the PCRA court's assessment that Woo's petition is manifestly untimely, and Woo

_____

[11] We recognize the 1995 amendments to the PCRA provided a one-year grace period for a petitioner to file a first petition when his judgment of sentence was final before the effective date of the amendment, that is, January 16, 1996. See Commonwealth v. Albrecht, 994 A.2d 1091, 1093 n.2 (Pa. 2010). The present petition, however, is Woo's fifth, and, in any event, was filed nearly 20 years later.

[12] We note that in the Statement of the Case section of his petition, Woo avers: "Petitioner also believes that he is making a showing under the newly discovered facts of Law which his petitioner is acting with Due Diligence that bars the timeline under 42 Pa.C.S.A. § 9545(b)(1)(2)(ii) from being imposed." Petition for Writ of Habeas Corpus, 5/7/2018, at 4. He provides, however, no further explanation of how or why that timeliness exception applies, and, in fact, never mentions it again in his petition.

has failed to prove the applicability of one of the time-for-filing exceptions. Accordingly, Woo is entitled to no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2019