J-S31037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RILEY BANKS | : | |
| | : | |
| Appellant | : | No. 2175 EDA 2021 |

Appeal from the PCRA Order Entered October 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0309081-2005

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RILEY BANKS | : | |
| | : | |
| Appellant | : | No. 2176 EDA 2021 |

Appeal from the PCRA Order Entered October 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0407441-2005

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED SEPTEMBER 28, 2022**

Appellant, Riley Banks, appeals *pro se* from the October 5, 2021, order entered in the Court of Common Pleas of Philadelphia County, which dismissed his *pro se* document entitled "Motion for Leave to Proceed in Dispute Time Bar Pursuant to Existing Rights" under the auspices of the Post Conviction Relief

_____

[*] Former Justice specially assigned to the Superior Court.

Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, at lower court docket numbers CP-51-CR-0309081-2005 ("CR-0309081") and CP-51-CR-0407441-2005 ("CR-0407441"). After a careful review, we affirm.

The relevant facts and procedural history are as follows: Appellant was arrested and charged at two separate lower court docket numbers with various sex-related offenses in connection with his repeated sexual abuse of two young children. The matters were consolidated for trial, and on January 23, 2006, a jury convicted Appellant of numerous offenses.[1]

On October 26, 2006, the trial court sentenced Appellant to an aggregate of thirty-one years to sixty-two years in prison, and Appellant was determined to be a sexually violent predator. Appellant filed a timely direct appeal, and this Court affirmed his judgment of sentence at both lower court docket numbers on January 3, 2008. *Commonwealth v. Banks*, No. 3215 EDA 2006 (Pa.Super. filed 1/3/08) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On or about July 18, 2008, Appellant filed his first *pro se* PCRA petition at both lower court docket numbers, and the PCRA court appointed counsel, who filed an amended PCRA petition. The PCRA court denied PCRA relief, and

---

[1] Specifically, at lower court docket number CR-0309081, the jury convicted Appellant of involuntary deviate sexual intercourse, aggravated indecent assault, endangering the welfare of children, and corruption of minors. At lower court docket number CR-0407441, the jury convicted Appellant of rape, involuntary deviate sexual intercourse, endangering the welfare of children, and corruption of minors.

this Court affirmed as to both docket numbers on June 4, 2012. **Commonwealth v. Banks**, No. 1378 EDA 2011 (Pa.Super. filed 6/4/12) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which our Supreme Court denied on November 21, 2012.

Following additional unsuccessful PCRA petitions, Appellant filed his most recent *pro se* petition on or about September 29, 2020. Specifically, Appellant filed a *pro se* document entitled "Motion for Leave to Proceed in Dispute Time Bar Pursuant to Existing Rights" at both lower court docket numbers. Therein, Appellant suggested his judgment of sentence should be vacated since his sentence is illegal and the Commonwealth violated Appellant's constitutional rights.[2] He specifically recognized that his petition would be untimely under the auspices of the PCRA, and thus, he requested the trial court treat the motion as one seeking *habeas corpus* relief.

_____

[2] As discussed *infra*, in his appellate brief, Appellant refines his argument and claims his sentence is illegal because he was sentenced "in violation of the merger doctrine." Appellant's Brief at 7. Also, he claims his sentence is illegal under **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348 (2000), and he cites to the portion of **Apprendi** wherein the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond reasonable doubt." **Id.**, 530 U.S. at 490, 120 S.Ct. at 2362-63. **See** Appellant's Brief at 10. He further claims his sentence is illegal since he was sentenced under statutes that have been held to be unconstitutional under **Alleyne v. United States**, 570 U.S. 99, 133 S.Ct. 2151 (2013), which held a defendant has due process rights to specific notice in the charging document, as well as any fact that increases a mandatory minimum sentence for a crime is considered an element of the crime for the fact-finder to find beyond reasonable doubt. **See** Appellant's Brief at 9-10.

The Commonwealth filed a letter in opposition, and on June 9, 2021, the PCRA court provided notice to Appellant of its intent to deny the petition without an evidentiary hearing under the auspices of the PCRA. By order entered on October 5, 2021, the PCRA court dismissed Appellant's PCRA petition at both lower court docket numbers. Appellant filed two timely *pro se* notices of appeal,[3] and this Court *sua sponte* consolidated the appeals. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and after

---

[3] Both of Appellant's notices of appeal listed both trial court docket numbers; however, each notice of appeal had a different trial court docket number highlighted with a check mark next to it. Pennsylvania Rule of Appellate Procedure 341(a) and its Note require the filing of separate notices of appeal when a single order resolves issues arising on more than one trial court docket. The Supreme Court of Pennsylvania has confirmed that, prospective to June 1, 2018, a notice of appeal that fails to comply with Rule 341 and its Note **may** result in quashal of the appeal. ***See Commonwealth v. Walker***, 646 Pa. 456, 185 A.3d 969 (2018), *abrogated in part,* ***Commonwealth v. Young***, __ Pa. ___, 265 A.3d 462, 477 n.19 (2021) (reaffirming ***Walker's*** holding that separate notices of appeal should be filed from an order that resolves issues arising on more than one docket, but "expressly overrul[ing] those statements in the [***Walker***] opinion indicating '[t]he failure to do so **requires** the appellate court to quash the appeal'") (quoting ***Walker***, 185 A.3d at 977 (emphasis added)). While ***Young*** now permits this Court, in our discretion, to remand for an appellant to correct a ***Walker*** error in his or her notice of appeal, as long as that appeal was timely filed, we need not do so in the present case.

Here, a single trial court docket number is highlighted on each of Appellant's notices of appeal. In ***Commonwealth v. Johnson***, 236 A.3d 1141 (Pa.Super. 2020) (*en banc*), this Court held that the appellant complied with Rule 341 and ***Walker*** by filing four notices of appeal that listed all four trial court docket numbers on each notice but had one docket number italicized on each. ***Id.*** at 1148. Regarding the instant appeals, it is unclear whether Appellant or the clerk of courts highlighted the individual trial court number for each appeal. Nevertheless, because there is a designation on each notice, like in ***Johnson***, we decline to remand or quash.

the PCRA court granted Appellant an extension of time, Appellant timely filed a *pro se* Rule 1925(b) statement. On December 10, 2021, the PCRA court filed a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant sets forth the following issues in his "Statement of Questions Involved" (verbatim):

1. Did the Court violate Claimant's rights when proof of sentencing was not given as required at the time of sentencing? Wherein sentencing was outside the maximum guideline of the sentencing scheme.

2. Did the court violate Claimants [*sic*] rights wherein the caption of Claimant's writ of *habeas corpus* was changed to PCRA and denied relief?

Appellant's Brief at 4 (unnecessary capitalization omitted).

Preliminarily, we note:

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted).

We initially address Appellant's contention the lower court erred in treating his *pro se* "Motion for Leave to Proceed in Dispute Time Bar Pursuant to Existing Rights" as a PCRA petition rather than as a *habeas corpus* motion.

- 5 -

It is well-settled the PCRA is "the sole means of obtaining collateral relief,"[4] and "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is exclusive to the PCRA." **Commonwealth v. Pagan**, 864 A.2d 1231, 1233 (Pa.Super. 2004) (emphasis omitted). Moreover, "[i]ssues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa.Super. 2013).

In the case *sub judice*, Appellant challenges the legality of his sentence under **Apprendi**, **supra**, and its progeny, including **Alleyne**, **supra**. Such claims are cognizable under the PCRA. **See Commonwealth v. Moore**, ____ Pa. ____, 247 A.3d 990 (2021) (noting claims implicating **Apprendi** or **Alleyne** are cognizable under the PCRA); **Commonwealth v. DiMatteo**, 644 Pa. 463, 177 A.3d 182 (2018) (holding challenge to mandatory minimum sentence under **Alleyne** is an illegal sentencing claim cognizable under the PCRA). Further, to the extent Appellant alleges his sentence is illegal under the merger doctrine, such a claim is also cognizable under the PCRA.[5] **See**

---

[4] 42 Pa.C.S.A. § 9542.

[5] We note Appellant does not challenge his status as a sexually violent predator.

***Moore***, ***supra*** (noting merger claims are legality of sentencing claims that are cognizable under the PCRA).

Accordingly, contrary to Appellant's suggestion, the PCRA court correctly construed Appellant's request for relief to be a PCRA petition, which is subject to the PCRA's timing requirements. Therefore, we proceed to determine whether Appellant's petition was timely under the PCRA.

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

> [There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[6] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted).

In the case *sub judice*, Appellant does not dispute that his instant petition, filed on September 29, 2020, was not filed within one year from the date his conviction became final, *i.e.*, February 3, 2009. **See** 42 Pa.C.S.A. § 9545(b)(1), (3); Pa.R.A.P. 1113. Further, although under limited circumstances a petitioner may invoke a timeliness exception under which the late filing of a petition will be excused, Appellant does not present or develop any argument related to the timeliness exceptions. Instead, he contends the PCRA court erred in treating his *pro se* document as a PCRA petition subject

_____

[6] 42 Pa.C.S.A. § 9545(b)(2) previously provided that a petition invoking a timeliness exception was required to be filed within sixty days of the date the claim could first have been presented. However, effective December 24, 2018, the legislature amended Subsection 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." **See** 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). The amendment to Subsection 9545(b)(2) only applies to "claims arising on [December] 24, 2017, or thereafter." **See id.**, cmt. Appellant filed the instant PCRA petition on or about September 29, 2020.

to the timeliness requirements.  As indicated *supra*, the PCRA court did not err in this regard.

For all of the aforementioned reasons, we conclude the PCRA court properly found Appellant's frivolous *pro se* "Motion for Leave to Proceed in Dispute Time Bar Pursuant to Existing Rights" presented claims cognizable under the PCRA, and therefore, the petition was subject to the PCRA's timeliness restrictions.  Appellant's petition is facially untimely, and he has not pled and proven an exception. "[Thus,] neither this Court nor the [PCRA] court has jurisdiction over this petition.  Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa.Super. 2007) (citation omitted).  Therefore, we affirm the PCRA court's dismissal of Appellant's instant PCRA petition.

Affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/28/2022