J-A26022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
HUI XU :
:
Appellant : No. 353 WDA 2025

Appeal from the Order Entered March 10, 2025
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0001572-2019

BEFORE: OLSON, J., STABILE, J., and KING, J.

MEMORANDUM BY OLSON, J.: **FILED: October 17, 2025**

Appellant, Hui Xu, appeals *pro se* from the order entered on March 10, 2025, which dismissed her second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We previously summarized the underlying facts of this case:

On April 18, 2019, the Commonwealth charged Appellant, a Chinese national, with two counts each of Corrupt Organizations, Dealing in the Proceeds of Illegal Activity, and Trafficking in Individuals, and one count each of Promoting Prostitution and Criminal Conspiracy, arising from her ownership of four massage parlors to which she transported women for the purpose of engaging in prostitution.

On December 12, 2019, with the aid of a Cantonese translator and upon advice of her counsel, Appellant entered into a negotiated guilty plea to two counts of Trafficking and one count each of Promoting Prostitution and Criminal Conspiracy. That same day, the trial court sentenced Appellant pursuant to her plea to three concurrent terms of one year less one day to two years less two days incarceration in county jail. The court awarded Appellant 260

days' credit for time served. Appellant did not seek to withdraw her guilty plea at any time or file a post-sentence motion or direct appeal from her judgment of sentence.

. . .

Appellant completed her sentence on March 18, 2021.

***Commonwealth v. Xu***, 284 A.3d 931 (Pa. Super. 2022) (non-precedential decision).

On July 16, 2020, Appellant filed her first, counseled PCRA petition and, on July 15, 2021, the PCRA court held a hearing on Appellant's petition. As we explained:

> Following its consideration of the testimony elicited at the hearing and the parties' briefs, the PCRA court denied Appellant's [first] petition. The PCRA court concluded that, because Appellant was no longer serving her judgment of sentence, she was ineligible for relief under the PCRA and had not established that the delay in adjudicating her petition had deprived her of due process.

***Id.***; ***see also*** 42 Pa.C.S.A. § 9543(a)(1)(i) ("[t]o be eligible for relief under [the PCRA,] the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted: (i) currently serving a sentence of imprisonment, probation or parole for the crime"); ***Commonwealth v. Williams***, 977 A.2d 1174, 1176 (Pa. Super. 2009) ("[a]s soon as [the] sentence is completed, the petitioner becomes ineligible for relief, regardless of whether [she was] serving [her] sentence when [she] filed the petition") (quotation marks and citations omitted).

On August 22, 2022, this Court affirmed the dismissal of Appellant's first PCRA petition and, on December 27, 2023, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Xu**, 284 A.3d 931 (Pa. Super. 2022) (non-precedential decision), *appeal denied*, 310 A.3d 718 (Pa. 2023).

On January 16, 2025, Appellant filed a *pro se* "Motion to Withdraw Plea of Guilty." In this filing, Appellant requested permission to withdraw her December 12, 2019 guilty plea, claiming it was not knowingly, voluntarily, and intelligently entered and resulted from the ineffective assistance of her plea counsel. **See** Appellant's "Motion to Withdraw Plea of Guilty," 1/16/25, at 1-5. The PCRA court construed Appellant's filing as a petition for relief under the PCRA and, since Appellant was no longer "serving a sentence of imprisonment, probation or parole for the crime," the PCRA court dismissed Appellant's petition on March 10, 2025. PCRA Court Order, 3/10/25, at 1.

Appellant filed a timely notice of appeal. We now affirm the dismissal of Appellant's serial PCRA petition.

We "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." **Commonwealth v. Liebel**, 825 A.2d 630, 632 (Pa. 2003).

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. As the statute declares, the PCRA "is

- 3 -

the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*." ***Id.***; ***see also Commonwealth v. Ahlborn***, 699 A.2d 718, 721 (Pa. 1997). Thus, under the plain terms of the PCRA, "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is exclusive to the PCRA." ***Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa. Super. 2004) (emphasis omitted).

Within Appellant's petition, Appellant requests permission to withdraw her guilty plea based upon an ineffective assistance of counsel claim, as well as a claim that her plea was not knowingly, voluntarily, and intelligently entered. ***See*** Appellant's "Motion to Withdraw Plea of Guilty," 1/16/25, at 1-5. The PCRA undoubtedly encompasses Appellant's claims, as the claims concern "matters affecting [Appellant's] conviction [or] sentence." ***Commonwealth v. Judge***, 916 A.2d 511, 520 (Pa. 2007), *quoting* ***Coady v. Vaughn***, 770 A.2d 287, 293 (Pa. 2001) (Castille, J., concurring); ***see also*** 42 Pa.C.S.A. § 9542 ("[the PCRA] provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief").

Appellant's claims thus fall under the rubric of the PCRA and, since the PCRA encompasses Appellant's claims, Appellant "can only find relief under the PCRA's strictures." ***Pagan***, 864 A.2d at 1233; ***see also Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011) ("[petitioner's legality of sentence] claim is cognizable under the PCRA.... [Thus, petitioner's] 'motion

to correct illegal sentence' is a PCRA petition and cannot be considered under any other common law remedy"); ***Commonwealth v. Barndt***, 74 A.3d 185, 190 n.7 (Pa. Super. 2013) (holding: petitioner's "motion to withdraw guilty plea" was properly construed as a PCRA petition).

As we have explained:

> Our [S]upreme [C]ourt has held that, to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as [her] sentence is completed, the petitioner becomes ineligible for relief, regardless of whether [she] was serving [her] sentence when [she] filed the petition. ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997). In addition, . . . the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence.

***Commonwealth v. Hart***, 911 A.2d 939 (Pa. Super. 2006) (some citations omitted).

Here, since Appellant is no longer serving or waiting to serve a sentence for the convictions she is challenging, Appellant is simply not eligible for relief under the PCRA. ***See Commonwealth v. Davis***, 326 A.3d 988, 993 (Pa. Super. 2024).

Order affirmed. Jurisdiction relinquished. Case stricken from argument list.[1]

---

[1] On October 1, 2025, Appellant filed an Application for Relief requesting the appointment of an interpreter for the oral argument. In light of our disposition of this case, including striking it from the argument list, Appellant's Application is denied as moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/17/2025